SAMUEL P. BAILEY, *et al.*, Appellants, *v.* J. E. HARDY, Appellee.

### APPEAL FROM TAZEWELL.

In an application for a continuance on account of the absence of a witness, if the testimony sought is important only in connection with certain facts, those facts should be set forth or referred to in the affidavit, so that the materiality of the evidence may be apparent to the Court.

This was an action brought by appellee before a justice of the peace, and taken by appeal to the Circuit Court of Tazewell county. In the Circuit Court, Bailey applied for a continuance of the cause upon his affidavit; stating that he was not prepared for trial, for want of a witness, by whom he expected to prove, that the note sued on was in the hands and was the property of one Clement Turner, who held the said note by virtue of an assignment of Benjamin Prettyman, who delivered the same to one Thomas McGrew, since deceased, who delivered the same to the said Clement Turner; that no other witness could prove the same fact, &c., &c. This continuance was refused by the Court, exceptions were taken to the ruling of the Court.

Davis, Judge, at the same term, being September term, 1850, after overruling the motion for a continuance, proceeded to try the cause without the intervention of a jury, and gave judgment for appellee.

MERRIMANS & JOHNSON, for Appellants.

CHAMPLIN & WALLACE, for Appellee, cited 8 Wend., 600; Chitty on Bills, 215, 220; R. S., 385, §8.

TREAT, C. J. The application for a continuance was properly denied. It was not made to appear, that the testimony of the absent witness would be material on the trial. The defendants expected to prove by the witness, that the note sued on was, prior to the commencement of the action, the property of Turner by virtue of an assignment from the payee. This fact of itself would not constitute any defense to the action. The note may once have belonged to Turner, and still have been the property of the plaintiff when this suit was brought. It may have been returned to the payee, and by him transferred

to the plaintiff. If the makers acquired any defense to the note while it was in the hands of Turner, that could be set up in this case, they should have so alleged in the affidavit. Where testimony is important only in connection with certain facts, those facts should be set forth or referred to, so that the materiality of the evidence may be apparent to the Court. The Court is not to presume that a state of case may arise, that may render the testimony important; but the party himself must affirmatively show, that he cannot safely proceed with the trial without the evidence. It is not necessary to inquire whether due diligence was used to procure the attendance of the witness.

The judgment is affirmed.

*Judgment affirmed.*