Augustus M. S. McBain, Plaintiff in Error, *v.* Benjamin S. Enloe, Administrator of James Hoge, deceased, Defendant in Error.

#### ERROR TO UNION.

If the question of the propriety of the admission of a foreign judgment in proof, is to be tested, it must be set out in the bill of exceptions.

It does not lie in the mouth of the party who has obtained a change of venue, to object to a trial in the court to which he has caused the case to be removed, if enough appears to give that court jurisdiction.

An affidavit for a continuance, must state the facts necessary with such certainty that the opposite party may admit them, and go to trial. To state that the whole, or some part, of a debt, has been paid, is too indefinite.

A refusal to admit a party to file supplemental affidavits for a continuance, cannot be assigned for error.

The practice of amending affidavits for a continuance, discountenanced.

This was an action of debt, commenced in the Massac Circuit Court, upon the record of a judgment purporting to have been rendered by a Court of Pleas and Quarter Session, in Obion county, Tennessee, wherein James Hoge was plaintiff, and the above-named McBain was defendant, at the January term of said court, A. D. 1835, for the sum of $385.19, and costs of suit.

To this action the defendant filed pleas of payment, and *nul tiel record*, in the said Massac Circuit Court, at the May term, A. D. 1848, upon which pleas the plaintiff took issue. And at the same term, the cause was removed to the Union Circuit Court by change of venue, upon the defendant's application. At the September term of the Union Circuit Court, 1848, and the next succeeding term, after the change of venue, the record was not filed therein, nor cause shown why.

At the April term, 1849, of the Union Circuit Court, the record from Massac was filed therein, and the cause docketed, when the defendant moved to dismiss the suit for want of prosecution, which was overruled. A further motion was made by the defendant, at the same term, to compel the plaintiff to give security for costs, which was also denied by the court. A still further motion was made by the defendant, at the same

term, to continue the cause, for want of a complete record from the Massac Circuit Court, which motion was granted, and a rule taken upon the clerk of said Massac Circuit Court to send up a full and complete record.

At the May term of the Massac Circuit Court, 1849, a motion was made by the plaintiff, regular notice having been previously given, ten days before the first day of the term, to enter up an order for a change of venue in said cause, *nunc pro tunc,* which was argued by counsel on both sides ; but the Court not being fully advised, took time to consider until the next term of said court.

At the September term of the Union Circuit Court, (which was holden previous to the Fall term of the Massac Circuit Court,) the amended record in said cause was filed therein, the case was docketed, and called for hearing, when the defendant made a motion for a continuance, founded upon the affidavits of defendant, contained in the bill of exceptions. But the motion was overruled, and exceptions taken.

The plaintiff then offered the record from Tennessee in evidence, which was objected to by the defendant; but the objection was overruled, and the record admitted, which was all the evidence offered. The defendant offered no testimony.

The jury then retired with the case, and returned a verdict for the plaintiff, for $385.19 debt, and $306.21 damages ; upon which verdict judgment was rendered by Denning, Judge, at November term, 1849, of Union Circuit Court.

C. G. Simons, for plaintiff in error.

A court should exercise a sound discretion, in refusing or granting a continuance. And if a continuance is refused, and a party ruled to trial, and it appear, from facts stated in the bill of exceptions, that he was entitled to a continuance, the judgment obtained against him will be reversed in a superior court. See Hook *v.* Nanny, 4 H. & M. 157, note ; Ross *v.* Norwell, 3 Munf. 170 ; Syme *v.* Montague, 4 H. & M. 180 ; Jacobs *v.* Sale, Gilm. 163.

In Missouri, improper refusal of a continuance is matter of

7 *

error. Riggs v. Fenton, 3 Miss. 28; Johnson v. Strader, 3 Miss. 359. See Smith v. Commonwealth, 2 Virg. Cas. 6; Holt v. Commonwealth, Id. 156; Certiorari, 51. These cases are found in 1 U. S. Digest, 571.

In Indiana, an improper refusal to grant a continuance is ground of error. See Nixon v. Brown, 3 Blackf. 504; Van Claricum v. Ward, 1 Blackf. 50; Fuller v. State, 1 Blackf. 64.

Reference is also made to section thirteen of the Practice act in Revised Statutes of 1845. The affidavits contained in the bill of exceptions, are founded on said section.

R. S. Nelson and T. G. C. Davis, for defendant in error.

Trumbull, J. This was an action of debt on a judgment rendered in the State of Tennessee. Pleas *nul tiel record,* and payment. The suit was commenced in the Massac Circuit Court, and taken, by change of venue, to the Circuit Court of Union county, where it was finally tried, and resulted in a judgment against the defendant below, for six hundred ninety-one dollars and forty cents.

Numerous errors have been assigned for the reversal of the judgment, some of which have no foundation in the record. Such is the character of the seventh error, which is, " that the court erred in submitting the issue of *nul tiel record* to the jury." The record, in reference to this issue, is strictly formal and correct. It shows that it was submitted to, and tried by, the court.

Whether the transcript of the judgment in Tennessee was properly received in evidence, to prove the issue, this court cannot determine, as it is not set out in the bill of exceptions, and, consequently, is not before us. The fact that the clerk has copied into the record what purports to be a transcript of the judgment upon which the suit was brought, does not make it part of the record. Petty v. Scott, 5 Gilm. 209.

The only issue before the jury was upon the plea of payment, and none of the instructions asked by defendant below, had any application to that issue, and for that reason, if none other, they were properly refused.

The error alleging that the court below erred in refusing a motion for a second change of venue, has been very properly abandoned, and there is nothing in the record to sustain the one complaining of the refusal to grant a new trial.

The remaining errors all resolve themselves into one — the refusal of the court to grant a continuance. Two causes were assigned for asking a continuance : First, that the record of the change of venue from Massac county, was not perfect; and, second, that defendant was not prepared for trial, on account of the absence of witnesses.

Upon the first point, it is impossible to conceive how the defendant could be prejudiced by the defects in the record complained of. The transcript of the record from Massac county, showed that the venue had been regularly changed on the defendant's application, and it would have been improper to allow him, by affidavit, to contradict the truth of that record. If enough appeared to give the Circuit Court of Union county jurisdiction of the cause, what matter was it to the defendant, how the order making the change of venue was made up, how the papers were transmitted, or what motions, if any, were pending in the Massac Circuit Court, which could have had no jurisdiction of the case, after the venue was changed to Union county ? It surely did not lie in his mouth to object to a trial in the court to which, at his own instance, the cause had been removed.

The other cause for a continuance was equally untenable. The affidavit stated that the defendant expected to be able to prove, by certain absent witnesses, whose testimony he had not had time to procure, " that he had paid the whole, or some part, of the said sum of money in the said plaintiff's declaration mentioned." This was too indefinite. The affidavit left it wholly uncertain how much or what part the defendant expected to prove had been paid, and consequently put it out of the power of the plaintiff to avoid a continuance by admitting the amount. To entitle a party to a continuance under the statute, the facts expected to be proved by the absent witnesses should be set forth with such certainty that the opposite party can, if he thinks proper, admit them, and go to trial. Rev. Stat. ch. 83,

§ 13. The plaintiff might have been willing, for the sake of avoiding a continuance, to have admitted the payment of some part of his debt, but he had a right to know how much he would be admitting, by confessing the truth of the affidavit; and as the defendant failed to give that information, he had no right to demand a continuance.

The refusal of the court to allow the defendant to file new and further affidavits for a continuance, after the motion upon the affidavits filed had been denied, cannot be assigned for error. It was an application addressed to the discretion of the court below, and its decision upon it cannot be revised in this court; but as a general rule it would be highly improper to allow a party whose affidavit for a continuance had been held to be insufficient, subsequently to amend and make it good.

The judgment of the Circuit Court is affirmed, at the costs of the plaintiff in error.

*Judgment affirmed.*