ADAM C. DEEM

*v.*

PLINEY M. CRUME.

</div>

I. PLEADING AT LAW—*profert of an instrument does not make it a part of the record.* The mere fact, that the declaration makes profert of a bond, deed, or judgment declared upon, does not make the instrument a part of the record; nor nor does the averment that the recovery more fully appears by a copy of the judgment, have that effect.

Syllabus.

2. SAME—*oyer must be obtained.* When a defendant desires to make the instrument declared upon a part of the record, he can only do so, by obtaining oyer thereof ; it then becomes so far a part of the declaration, as to be subject to a demurrer.

3. SAME—Oyer cannot be demanded of a record.

4. SAME—*for what purpose it is granted.* Oyer is only granted to enable a defendant to determine whether the instrument is his, and whether he will deny its execution by a plea of *non est factum.*

5. SAME—*demurrer—effect of.* The rule is a familiar one, that a demurrer admits the truth of the averments of the pleading to which it is interposed.

6. DAMAGES—*concerning assessment of on foreign judgment.* Where in an action of debt, on a foreign judgment, a demurrer was interposed to the declaration, and the defendant refused to answer over, it was proper for the court upon overruling the same, to render judgment for the amount of the debt averred to be due, and admitted by the demurrer. Judgment should also have been rendered for the damage sustained by reason of the detention of the debt ; and in assessing the damages, the court should hear evidence to ascertain the amount.

7. SAME—*concerning the practice—in actions in debt—when the amount is specified—and when not.* The practice is, when the action is in debt on a bond, or other instrument, in w. ch the sum is specified, to render judgment for the amount averred to     , but when the amount in such action is not liquidated, a demurrer to the declaration would admit the *debt,* but the amount would have to be ascertained by proof of the sum due.

8. INTEREST—*when need not be averred—what will be presumed.* When the rate of interest allowed by the laws of a foreign State, is the same as that allowed by the law of the forum, an averment beyond the claim for damages is unnecessary ; as the law, in the absence of proof to the contrary, will presume that the legal rate of interest is the same in both places.

9. SAME—*when higher rate is claimed—must be pleaded and proven.* But if a greater rate of interest is claimed, then it must be pleaded and proven like any other fact, to authorize a recovery of such higher rate.

10. EXCEPTIONS—*bill of—what matters must be preserved by.* If a party desires to raise the question of the admissibility of a foreign judgment in evidence, he must make it a part of the record by a bill of exceptions, otherwise, it will be presumed to have been properly admitted.

APPEAL from the Circuit Court of Henry county ; the Hon. IRA. O. WILKINSON, Judge, presiding.

The facts in this case are stated in the opinion.

Mr. JOHN I. BENNETT, for the appellant.

Messrs. SHAW, CRAWFORD and C. DUNHAM, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the court:

This was an action of debt brought by Pliney M. Crume, in the Henry Circuit Court, against Adam C. Deem, on a judgment of the Court of Common Pleas of Darke county, in the State of Ohio, for the sum of $271.45 debt, and $8.96 costs. The declaration set out the judgment in substance, and made profert. At the October term, 1865, the cause was submitted to the court for trial, a jury having been waived by consent of the parties. On the trial appellee offered the transcript of the Ohio judgment in evidence, but owing to a variance, it was not admitted. Appellee thereupon asked and obtained leave to amend his declaration, and the court continued the cause until the next term.

At the next March term, appellee having amended his declaration, so as to obviate the objection of a variance from the proof, appellant filed a demurrer, and assigned as special causes: that the copy of the record filed with the declaration, on its face showed, that the judgment was void for the want of a revenue stamp on the original writ; that the transcript was not properly authenticated; that it was defective in substance and form; that there was a variance between the copy of the record and the declaration; and for other apparent causes. The court below overruled the demurrer and rendered a judgment *nil dicit*, for the sum of $280.40 debt, and $27.15 damages. To reverse which defendant prosecutes this appeal. The mere fact that the declaration makes profert of a bond, deed or judgment declared upon, does not make the instrument a part of the record. It only implies, as it states, that plaintiff has the instrument in court. Nor does the fact that the pleader unnecessarily

avers in his declaration that the recovery more fully appears by a copy of the judgment, have that effect. If the defendant desires to make the deed declared upon a part of the record, he can only do so, by demanding and obtaining oyer of the instrument. By obtaining oyer it becomes so far a part of the declaration as to be subject to a demurrer.

In this case, however, oyer was not demanded or granted, and hence there can be no pretence that if the defects specified in the demurrer did exist in the transcript of the judgment, they could be reached by a demurrer; until it was made such by oyer or a bill of exceptions it formed no part of the record, any more than a deed or other sealed instrument of which profert had been made. In the case of *Giles* v. *Shaw*, Breese 219, it was held that oyer was not demandable of a record upon which suit is brought. And in the subsequent case of *Hanna* v. *Yocum* 17 Ill. 389, the same doctrine was announced. And it is for the reason that oyer is only granted to enable the defendant to determine whether the instrument is his, and whether he will deny its execution by a plea of *non est factum*. It is therefore true that oyer is not demandable of a record; and it follows that the court did not err in overruling the demurrer.

It is however insisted, that the judgment on the demurrer was too large, both in the recovery for the debt, and the damages. The judgment was for the amount of the judgment and costs averred in the declaration to be due. The rule is familiar to all, that a demurrer admits the truth of the averments of the pleading to which it is interposed. And when appellant refused to answer over, but abided by his demurrer it became the duty of the court to render a judgment for the amount of the debt averred to be due on the judgment sued upon, and admitted by the demurrer. This the court below did, and committed no error by so doing. This is the practice where the action is in debt on a bond, or other instrument, in which the sum is specified; but where the amount in such an

action is not liquidated the practice is otherwise, as in that case the debt would be admitted, but the amount would have to be ascertained by proof of the sum due. It also became the duty of the court to render judgment for the damages sustained by appellee by reason of the detention of his debt. In assessing the damages, it was, however, the duty of the court to hear evidence to ascertain the amount.

It is urged, that the court erred in allowing interest upon the judgment unless it had been claimed in the declaration. As a general rule in pleading, when the rate of interest claimed is the same as that allowed by the law of the forum, it is unnecessary to count for interest beyond the claim of damages. If, however, a greater rate is claimed, then it should be counted for under the laws of a foreign jurisdiction. It must be counted for and proved like any other fact, to authorize a recovery of such higher rate. *Chumarsero* v. *Gilbert*, 24 Ill. 293. If, however, the rate of interest allowed by the laws of the foreign State is the same as that allowed by the laws of the State where the suit is brought, such an averment is unnecessary, as the laws in the absence of proof to the contrary, will presume that by the laws of another, the legal rate of interest is the same as that allowed in this State. *Forsyth* v. *Baxter*, 2 Scam. 9. In this latter case it was held that in the absence of an averment, that the laws of the State where the contract was made allowed a greater rate of interest than is allowed by the laws of our State, the presumption will be indulged that the rate is the same. We do not perceive that this case conflicts in the slightest degree with the case of *Chumarsero* v. *Gilbert*. That case presented a very different question, which was—whether the plaintiff could recover a larger rate of interest on a note payable in New York than six per cent, without averment and proof that the laws of that State fixed a higher rate.

In the case of *Forsyth* v. *Baxter*, it was held to be no error to read the laws of Missouri to show that the legal rate of interest in that State was the same as that allowed by our laws,

10—46TH ILL.

although there was no such averment in the declaration. So in this case, the laws of Ohio may have been read on the assessment of damages to show that judgments in that State draw six per cent., as the evidence is not preserved by a bill of exceptions. But even if they were not, the law would presume that it drew six per cent., and the court committed no error in allowing that rate. If, by the laws of Ohio, judgments draw a smaller rate, or no interest, the defendant might no doubt have shown that fact by the laws of Ohio, on the assessment of damages, but failing to do so, he has no right to complain.

As there is no bill of exceptions in the case, the copy of the Ohio judgment, although copied into this transcript .by the clerk, forms no part of this record, and hence we cannot look into it to ascertain whether it is defective or not, but must presume that the court ·below had sufficient evidence to warrant the judgment for the damages. *McBain* v. *Enloe*, 13 Ill. 76; *Petty* v. *Scott*, 5 Gilm. 209. These cases hold that if a party desires to raise the question of the admissibility of a judgment in evidence, he must make it a part of the record by a bill of exceptions. That was not done in this case, and we must presume that there was sufficient evidence to sustain the judgment, and it must be affirmed.

*Judgment affirmed.*