## CODY *v.* BUTTERFIELD.

CONTINUANCE *to obtain testimony of absent witnesses.* A party seeking a continuance to obtain the testimony of absent witnesses must, in his affidavit, set forth the facts to be proven with such particularity that the opposite party may, if he see fit, admit them and proceed to trial.

Action upon a promissory note; defense, that note was given for the carriage of certain goods which were damaged *in transitu* through the negligence and carelessness of the carrier. Affidavit for continuance to obtain testi-

mony of absent witnesses did not set forth to what extent the goods were injured, nor that the defendant could show, by these or other witnesses, the amount of the damage occasioned by the alleged negligence of the plaintiff, nor what the amount of this damage was. *Held,* that the continuance was properly denied.

*The party seeking a continuance* ought to make it appear affirmatively to the court, not only that, upon a possible or supposable state of facts, the testimony may become important, but that, upon the facts as they are, it is and will be so.

CONTINUANCE — *diligence in obtaining depositions.* Where the issues were made up in February, 1868, and application for continuance in June, 1869, and the defendant made no effort to obtain the testimony of absent witnesses until some three months before the sitting of the court, there was not sufficient diligence.

The matter of diligence in obtaining testimony discussed.

PRACTICE — *ground of objection to testimony should be stated.* If the nature of an objection to testimony is such that, by the production of further testimony, the evidence objected to is susceptible of being made admissible, the particular ground of objection must be stated, and, if it is not stated, a court of review ought to regard the evidence as properly admitted.

In an action upon a promissory note against a woman, it appeared that she was married previous to the execution of the note, and it did not appear that the note was executed in or about the sole trade or business of defendant, or in relation to her separate estate; and it was urged in this court that, upon these facts, a presumption arises that the marriage existed at the time of the execution of the note, and that the burden of showing that the note was given in relation to the separate business or estate rested upon the plaintiff. These objections, not having been made in the court below, cannot be urged here.

EVIDENCE OF PAROL ASSIGNMENT *in action by one to use of others.* In an action upon a promissory note, brought by one for the use of others, it is not necessary at the trial to prove a parol assignment of the note to the persons to whose use the suit is prosecuted.

### *Appeal from District Court, Gilpin County.*

Messrs. JOHNSON & TELLER, for appellant.

Mr. HUGH BUTLER, for appellee.

WELLS, J. This was an action of assumpsit commenced in the Arapahoe district court; the venue was afterward changed to the Gilpin district court, where a trial was had and judgment given for the plaintiff.

The plaintiff below, in several counts, declared upon a promissory note, purporting to have been executed to him

by the defendant by one Elijah Cody, her agent. The defendant pleaded the general issue, without verification and payment post diem. The cause was put at issue on the 20th day of February, A. D. 1868.

On the 3d day of June, A. D. 1869, and at the May term in that year of the Gilpin district court, the defendant moved for a continuance, upon her own affidavit of the absence of certain witnesses, the material portions of which are hereafter set forth ; this motion the court overruled.

On the trial the plaintiff produced a note corresponding to that described in the declaration, and proved that the signature thereto was in the handwriting of Elijah Cody. That, from 1861 to 1866, Elijah Cody resided in Denver, and was the agent of plaintiff, who was engaged in the sale of millinery and dry goods ; that, in 1865, defendant had accounts with different banking houses in Denver; that Elijah Cody generally made the deposits which went to the credit of these accounts, and defendant generally checked against them ; that Elijah Cody attended to defendant's affairs during the periods of her absence, when engaged in the purchase of goods, that he was about defendant's store both then and at other times ; one witness spoke of this relation of the parties as existing from 1861 to 1866, and upon cross-examination, testified that Elijah Cody was the husband of defendant (though at what time, was not expressly stated), and that they resided together. It was further proven that Elijah Cody died at some time prior to the trial, though the date of his decease was not shown.

Upon this evidence, the defendant prayed instructions, substantially as follows : 1st. There is not sufficient evidence in the case to enable plaintiff to recover. 2d. There is no evidence that any of the plaintiffs for whose use this suit is brought have any interest in the note offered in evidence, and unless such interest is shown, they cannot recover in this action. 3d. If defendant, at the time of giving the note offered in evidence, was a married woman, the plaintiffs ought to have sued her husband with her, and unless the jury believe, from the evidence, that her husband

was dead at the time of the bringing of this suit, they must find for defendant.

All the instructions were refused; a verdict was found for the plaintiff and judgment given thereon.

Appellant now assigns for error, among other things: 1st. That the court overruled her motion for a continuance. 2d. That the court erred in refusing the instructions prayed by her counsel. 3d. That the verdict is against the evidence and the damages excessive. 4th. That the court gave judgment upon the verdict, and such judgment is against the law and evidence.

We think the defendant's motion for a continuance was properly overruled.

The affidavit, upon which this application was based sets forth, that defendant could not safely proceed to a trial, on account of the absence of two witnesses named; that she expected to prove by said witnesses that the claim sued on in this case was for a sum of money alleged to be due for freight upon certain goods freighted by plaintiffs for defendant; that the witnesses were present at the time the goods were received and assisted in unpacking them and observed their condition, and that said goods were badly damaged by having become wet, and by rough and improper handling on the part of said plaintiffs and their employees, and that defendant had no other witness, etc.

We think the facts intended to be proven by the absent witnesses were not set forth with sufficient particularity; the rule is, that the party seeking a continuance for the absence of testimony must, in his affidavit, set forth the facts to be proven with such particularity that the opposite party may, if he see fit, admit them and proceed to trial. *McBain* v. *Enloe*, 13 Ill. 76.

This is an alternative to which the opposite party is entitled, and he ought to have precise information as to the matters upon which he is to make his election.

. Now, in the affidavit, it is not alleged to what extent the goods were injured, nor that defendants could show, by these or other witnesses, the amount of the damages occa-

sioned by the alleged negligence of the plaintiff, nor what the amount of this damage in fact was, but the only allegation is, that the goods were "badly damaged," and if the witnesses had been present, testifying to this and every other fact set forth in the affidavit as to be proven by them, their testimony, of itself, and without other facts shown, could not have either barred the action or mitigated the damages. Not only would it not have been material, but, upon motion, must have been stricken out.

It may be said that the testimony of the particular witness is none the less material to defendant's case, because not sufficient to establish it as a whole; but it was said in *Baily* v. *Hardy*, 12 Ill. 459, that "where testimony is important only in connection with certain facts, those facts should be set forth or referred to, so that the materiality of the evidence may be apparent to the court. The court is not to presume that a state of facts may arise which may render the testimony important."

We think this decision ought to be adhered to in our courts; the party seeking a continuance ought to make it appear affirmatively to the court not only that, upon a possible or supposable state of facts, the testimony may become important, but that, upon the facts as they are, it is and will be so.

Upon the question whether the affidavit shows diligence in the efforts made to procure the testimony of these witnesses, we are of the opinion that it does not. The pleadings in this case were brought to an issue on the 29th day of February, 1868. This application for a continuance was interposed on the 10th day of June, A. D. 1869. The affidavit shows that Welch, one of the witnesses, resided at Salt Lake City, in the the territory of Utah, and had resided there for several months then last past; that in February, previous to her making application for continuance, defendant furnished her counsel with the facts to be proven by him and his place of residence; that, as early as April, a comission issued to a commissioner in Salt Lake city to take the deposition of Welch; that said commission was indorsed

with the request that, if not called for in ten days, it might be returned to defendant's attorneys ; that the deposition had not been returned to the court nor to defendant's attorneys, and that she expected to procure the attendance of Welch, or his deposition, at the next term of the court ; that the other witness, Mrs. Anderson Orr, then resided at Council Bluffs, in the State of Iowa ; that she had formerly resided at Central City, Colorado ; that deponent went east in February preceding ; that Mrs. Orr was then still a resident of Central City ; that deponent had returned from her absence only a few weeks previous to making her affidavit, and had obtained no knowledge of Mrs. Orr's departure until within a few days ; that, at the time of defendant's departure for the east, she had no knowledge of any intention on the part of Mrs. Orr to leave the territory, and that sufficient time had not elapsed, since hearing of her departure, to procure her deposition.

We think as to neither of these witnesses was there such a degree of diligence shown as ought to be exerted in a case so long pending and at issue as this had been.

The witness Welch had resided in Utah for several months, and, for any thing that appears, he may have resided there at the time of the commencement of this suit, and always afterward, the defendant being at the time aware of his place of residence ; and if, with this cause pending and at issue, she saw fit to defer preparation until within some three months of the sitting of the court and to assume in the mean time the risk of the witnesses' removal or temporary absence, and the delays and uncertainties of communication, she ought now to endure the event with the same equanimity with which, in this game against fortune, she accepted the hazard.  Nor was it diligence after this long delay to rest until June in reliance upon the one commission issued in April ; after the lapse of a reasonable time for the return of the commission some effort ought to have been put forth to ascertain its whereabouts or to procure another.

As to the witness, Mrs. Orr, there is no sufficient excuse

shown, we think, for the omission to serve her with a sub-pœna, nor is it anywhere alleged that the defendant expected to procure her testimony at any time in the future.

Under the remaining assignments of error it is insisted by counsel that it is shown that defendant was, at some time prior to the trial, a married woman ; that, by fair inference upon the testimony, the coverture existed at the time of making the note upon which recovery was had ; that the note sued upon was not shown to have been executed in or about the sole trade or business of defendant or in relation to her separate estate ; that the statute has repealed the common law only in relation to those contracts, into which the married woman is expressly permitted to enter ; that the burden of establishing that in the execution of the note in question, the defendant was acting within the statute rested upon the plaintiff ; that this was not established and that therefore the judgment is not supported by the evidence.

We apprehend that the propositions of law maintained by counsel are supported by authority, and certainly they rest upon the soundest reasons ; but we think that, admitting the effect of the testimony to be as contended, the defendant cannot now be heard to make these objections : 1st. The plaintiff declared specially upon the writing offered in evidence and under which the recovery was had and the defendant's plea was not verified. The statute of this territory provides that no person shall be permitted to deny on trial the execution of any instrument of writing, whether sealed or not, upon which any action may have been brought, unless the person denying the same shall, if defendant, verifiy his plea by affidavit. R. S., ch. 70, § 14.

I understand that under this statute a defendant, sued upon a written instrument, must swear his plea, not only in cases where he proposes to deny the mere act of subscribing the instrument, but also in cases where, while the subscription in fact is admitted, it is proposed to assert that for any reason the writing was not the act of the party in such sense as to be a binding and obligatory contract ; as, for example, where the defense is that at the time of subscribing the in-

strument the defendant was drunk or insane, or *non compos*, or that he was imposed upon, and subscribed under the belief and understanding that the instrument was other and different from what it in fact was, or that the instrument was never delivered, or that for any other reason the defendant did not assent to the instrument in such sense as to execute it within the meaning of the law.

When the legislature adopt technical words in prescribing rules of practice for courts of record, their language must, I apprehend, be received in a technical sense; the word "execution," in the statute, must be understood, therefore, as meaning, not the mere subscription of the parties' name, but the subscription of the name to the instrument, with a knowledge of its contents, or with such opportunity and deliberation that the law implies knowledge, with intent to be bound thereby, and with capacity to exercise that intent; nothing less than this is, in law, an execution of an instrument in writing; and if the party sought to be charged proposes to assert that, for the absence of any of these elements, the instrument is not his act, he must verify his plea; in these positions, however, the other members of the court disagree with me.

Second: The bill of exceptions shows that, after the reception of the parol testimony recited in this opinion, the plaintiff below offered to read to the jury the promissory note, about which the witnesses had testified, and that the defendant objected thereto; but it nowhere appears what ground or reason was assigned for this objection, or that any reason whatever was assigned.

If the objection, which is now alleged against the sufficiency of the evidence, had been then stated, the plaintiff's counsel might have, perhaps, supplemented the alleged deficiencies in the proofs; opportunity would have, at least, been afforded to produce the evidence, for the absence of which error is now assigned; and if the defendant desired to insist that the proper preliminary proofs had not been made, it was her duty to have then asserted it.

When, upon trial, objection is made to the admission of

testimony, and the nature of the objection is such that, by the production of further testimony, the evidence objected to is susceptible of being made admissible, the particular ground of objection must be stated, and if it is not stated, a court of review ought to regard the evidence as properly admitted. We are all of the opinion, therefore, that the promissory note offered in evidence upon the trial was, for the reason last mentioned, properly admitted, and the defendant cannot be heard to say, in this court, that the person assuming to act as her agent was not lawfully authorized, or that it was not shown to have been executed in a case within her legal capacity, or that, for any other reason, the proofs connecting her with the instrument were insufficient.

We see no error in the assessment of damages, nor in the omission to prove the parol transfer of the note to the beneficiaries named in the declaration ; it need not have been alleged ; and being unnecessary to allege, is certainly not necessary to be proven.

The judgment of the district court is affirmed, with costs.

*Affirmed.*