## THE COLORADO CENTRAL R. R. CO. v. SMITH.

1. The rules of this court require that each error shall be separately alleged and particularly specified.

2. In ejectment, where the defendant claimed title to the whole premises, disclaiming as to no part thereof—*held*, immaterial that the defendant was in actual possession of only a part.

3. *Smith* v. *Pipe*, 3 Col. 188, and 4 Col. 444, cited and approved.

*Appeal from District Court of Jefferson County.*

SMITH, the appellee, filed his declaration in ejectment in the District Court of Jefferson County, alleging title in himself in fee to certain lands in Golden City, within "the town site entry." The appellant filed the plea of the general issue, and the cause was tried by the court without the intervention of a jury. The court entered its finding in favor of the appellee, and gave judgment thereon. To reverse that judgment, the defendant below prosecutes this appeal. In this court it assigns as error, among others, the following:

"The district court erred in the following particulars:

"1. In admitting improper testimony offered by the plaintiff.

"2. In rejecting proper and material testimony offered by defendant.

"3. In admitting in evidence the deed from Mann to Smith.

"4. In refusing to allow defendant to show that it was not in possession of a part of the premises sued for at the time of the commencement of this suit, and that other parties than the defendant were in possession of a part thereof at such time.

"5. In refusing to allow defendant to prove that appellee— plaintiff—was not an occupant or in possession of the tract of land in dispute, or of the land described from Mann to Smith at the date of the town site entry or prior thereto, or entitled to the possession or occupancy thereof, and that he was not an occupant thereof at the time he received said deed from Mann to him.

"6. In refusing to allow defendant—appellant—to show that Henry B. Hine was not an occupant or entitled to the occupancy or possession of the land sued for, or the land described in the deed from Mann to Smith, at the date of the town site entry or prior thereto.

"7. In refusing to allow appellant to prove that no evidence was taken by Mann, probate judge, of the appellee's right to the land described in said deed from Mann to appellee.

"8. In admitting in evidence the bundle of papers, alleged files, and the docket entries in the proceeding of Hine versus Smith.

"9. In admitting parol testimony to show what land, if any, was in litigation between Hine and Smith in said proceeding of Hine vs. Smith."

The same title and the same facts were involved in *Smith* v. *Pipe*, 3 Col. 188, and 4 Col. 444.

Mr. WILLARD TELLER and Mr. A. H. DE FRANCE, for appellant.

Mr. JOHN W. BLACKBURN, for appellee.

ELBERT, C. J. The first and second assignments are general; there are no specifications of the improper testimony admitted, or the proper testimony rejected, and no notice can be

taken of them.   The rules of the court require that "each error shall be separately alleged and particularly specified."

The fourth assignment is not well taken.   So long as the defendant claimed title to the whole premises, disclaiming as to no part thereof, it was immaterial that it was in actual possession of only a part.

The questions raised by the third, fifth, sixth, seventh, eighth and ninth assignments, were all decided in the case of *Smith* v. *Pipe*, 3 Col. 188, and 4 Col. 444.   The same title of appellee and the same facts were involved.   This case does not present these questions in any other or different aspect, and we see no reason to change the views heretofore expressed upon them.

These are all the assignments that are noticed in the arguments of counsel, or that it is necessary to consider.

The judgment of the court below is affirmed, with costs.

*Affirmed.*