JOHN CLIFFORD

v.

WILLIAM H. DRAKE.

1. EVIDENCE.—Where an alleged libelous article in a newspaper to which it was proposed to have the writer look for the purpose of refreshing his memory, was admissible in evidence and the ultimate object was to have the article itself admitted in evidence, as constituting the gist of the action. *Held*, that it was material whether the writer had lost his manuscript or not because the manuscript was the better evidence when it was sought to give the printed article in evidence.

2. BILL OF EXCEPTIONS.—Where an alleged libelous article is not set out in the bill of exceptions it is impossibe for this court to pass upon the question whether the plaintiff was prejudiced by the action of the court below in excluding such article.

3. FAILURE TO PROVE CAUSE OF ACTION.—Where a plaintiff fails to prove his cause of action, and such failure is not the result of erroneous rulings of the court, all other alleged errors are immaterial.

4. INSTRUCTION—CONSENT OF COUNSEL.—Where a court gave the peremptory instruction to the jury to find for the defendant, and the bill of exception showed that plaintiff's counsel expressly consented that the court might so instruct, and no exception was taken, plaintiff can not assign error for such action.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed December 21, 1883.

This suit was by Clifford against Drake, for an alleged libel charged to have been published by defendant, Dec. 4, 1879, in the Chicago Sunday Times, reflecting upon the capacity and integrity of plaintiff as an architect, and thereby causing special damages. On the trial, under the plea of not guilty, the plaintiff sought to prove the charge that defendant published the alleged libel by showing that the defendant made statements concerning plaintiff's ability and integrity as an architect, to a reporter of said paper, with knowledge on the part of defendant that such statements were to be published therein. The reporter, F. F. Cook, was called by plaintiff as a witness and testified, in substance, that such interview was had a few days before the publication; that he took correct notes of the conversation, from which he prepared an article or statement in form for publication; that his original notes were then destroyed, and when the article was set up in the paper, his manuscript of such article went into the waste-basket, and he had never seen it since; that the article was in the Sunday Times; that immediately after the publication, witness read it and compared it mentally with the manuscript, that it was correct, and a correct statement of what was said at said interview. The bill of exceptions shows that a paper was shown to the witness, and he was asked if that contained the article of which he had been

Clifford v. Drake.

speaking, and he answered that it did.   Plaintiff's counsel having exhausted the recollection of the witness by questions and failing to elicit anything that was said at the interview tending in a direct manner to prove that defendant, at that time, knew that it was the purpose of the interview to have it published in the paper, then as the bill of exceptions shows " Plaintiff's counsel asked permission to put the paper into the hands of the witness and allow him to refresh his recollection from it;" that the counsel for defendant objected to it, the court sustained the objection and plaintiff's counsel excepted.

Afterward, in the course of the trial and before the plaintiff rested, as the bill of exceptions shows, his counsel made this offer: " I offer in evidence a copy of the Times, identified by Mr. Cook, yesterday, as containing a correct statement of what he received from Mr. Drake."   To this defendant's counsel objected, the court sustained the objection, and plaintiff's counsel excepted.   The reporter Cook, testified to facts and circumstances which tended to show that the defendant, Drake, knew, or had good reason for believing, that the statements he made to the reporter were to be published in the Chicago Times.   He knew that the reporter belonged to that paper, and that he was one of its reporters.   He knew that the reporter had come to him to interview him in respect to the qualifications, etc., of the plaintiff as an architect, because the latter had been appointed architect of the new City Hall in San Francisco, Cal., and that the editor of a newspaper there had called the attention of the Times to the matter, with the desire that the Times should make an investigation as to plaintiff's qualifications and reliability.   But the bill of exceptions wholly fails to incorporate the article offered in evidence, from a copy of the Times, or the article to which counsel asked permission to have the witness refer for the purpose of refreshing his memory, or any part thereof; nor is the same or any part thereof, in any manner described in the bill of exceptions, which further shows that, at the close of plaintiff's evidence, the court, by the express consent of plaintiff's counsel, directed the jury to find for defendant, to

which no exception was taken. A motion for a new trial was made by plaintiff and overruled; to which exception was taken.

Judgment passed for defendant, and plaintiff brings the record here by appeal.

Mr. ROBERT HERVEY, for appellant; that it was error to refuse witness the right to look at the article in the newspaper to refresh his memory, cited 1 Greenleaf on Ev. § 436.

Messrs. ROBERTS & HUTCHINSON, for appellee; that the proper foundation was not laid for witness to refresh his recollection, cited Strader v. Snyder, 67 Ill. 404; Adams v. Kelley, Ry. & Moo. 157; Burton v. Plumer, 2 A. & E. 341–343.

McALLISTER, P. J. We are of opinion that there was sufficient evidence, upon the trial below, that an article published in some copy of the Chicago Sunday Times, contained a correct account of the interview between the reporter of that paper and the defendant; and also, that there was some evidence tending to show knowledge on the part of the defendant, at the time, that such interview was to be published; but whether it was sufficient to require the submission of that question to the jury, it is not necessary for us to decide. We are further of opinion, that there was sufficient evidence of the loss and destruction of the original notes of the reporter, and of the manuscript of the article which was published, to constitute such printed article the best evidence of the written account of what passed between the reporter and the defendant (and which was furnished by the reporter to the Times), that the case admitted of. Strader v. Snyder, 67 Ill. 408, and case cited. Starkie says: " Whether the writing be used merely as an instrument for restoring the recollection of a fact or be offered to be read as containing a true account of particulars entirely forgotten, it must, in conformity with the general principle of evidence, be the *best* for the purpose that the case admits of." 1 Stark on Ev. 178.

We think the printed article was the best evidence of which

Clifford v. Drake.

the case admitted, under the circumstances shown.  In 2 Phil. on Ev., 5th Am. ed.,* p. 925, it is said: "Where a witness on looking at a written paper has his memory so refreshed that he can speak to the facts from a recollection of them, his testimony is clearly admissible, although the paper may not have been actually written by him.  So also, where the witness recollects that he saw the paper when the facts were fresh in his memory, and remembers that he knew then the particulars therein mentioned to be correctly stated, his testimony is admissible."  And again, same volume, * p. 928: "A surveyor has been permitted to refresh his memory by a *printed* copy of a report furnished by him to his employes, and compiled from original notes, of which it was substantially, though not verbally, a transcript."   Herne v. MacKinzie, S. Cl. & Fin. 628, 630, 645.  "And the writer of an article in a newspaper, the manuscript of which article has been lost, has been allowed to look at the newspaper containing the article, for the purpose of refreshing his memory."  Tipham v. McCregor, 1 C. & K. 320; 1 Greenleaf on Ev. § 436; 1 Whart. on Ev. § 519 *et seq;* Addler v. Railroad Co. 56 Ill. 344.

The case of Commonwealth v. Ford, 130 Mass. 64, contains a thorough review of the authorities and conclusively shows that it would have been entirely competent and proper for the witness, Cook, to have looked at the article in the paper, for the purpose of refreshing his recollection.  The case in hand is different from that, in this respect: Here, the ultimate object was to have the article itself admitted in evidence, as constituting the gist of the action.  In Commonwealth v. Ford, *supra,* the paper, to which it was proposed to have the witness look for the purpose of refreshing his memory, was in no event admissible.  Hence, it was held that it was not material whether the reporter's manuscript was lost or not.  But in this case it would be material, because the manuscript was the better evidence, when it was sought to give the contents of the printed article in evidence.  Strader v. Snyder, *supra.*  The matter of refreshing the memory of the witness by looking at such printed article would be of no consequence whatever, unless the article itself was of a

Clifford v. Drake.

defamatory character, referred to the plaintiff, and amounted not only to a libel, but the particular libel described in the declaration. Such article, therefore, whether offered for the purpose of refreshing the memory of the witness, or because it contained a true account of what passed between the witness and defendant, is to be regarded as a proposed instrument of evidence. We think sufficient was shown to bring it within the rule, applicable here, that the best evidence the case admitted of should be given. But how can we determine that the particular printed article referred to had any relevancy whatever to this case? It is not incorporated into the bill of exceptions.

In order to show that the plaintiff was prejudiced by the ruling below, it was indispensable that such article should be set out in the bill of exceptions. McLaughlin v. Walsh, 3 Scam. 185; McBain v. Enloe, 13 Ill. 76; Warner v. Manski, 17 Ill. 234; Deem v. Crume, 46 Ill. 69; Stock v. The People 80 Ill. 32.

The appellant can, therefore, take nothing by that assignment of error. Nor can he prevail upon the assignment of error, upon giving the peremptory instruction to the jury, to find for the defendant, because the bill of exceptions shows that his counsel expressly consented that the court might so instruct, and, besides, no exception was taken to it.

Neither is the assignment of error, upon overruling the plaintiff's motion for a new trial, well grounded. The plaintiff wholly failed to prove any cause of action, because, perhaps, of the exclusion of said printed article. Now, unless that was error, there is no ground for a new trial. We can not say whether it was or not, because we can know nothing about that article. When a plaintiff fails to prove his cause of action, and such failure is not the result of erroneous rulings of the court, all other alleged errors are immaterial.

Judgment affirmed.