THE PERCY CONSOLIDATED MINING COMPANY ET AL. v. HALLAM.

1. APPELLATE PRACTICE—ASSIGNMENTS OF ERROR.
Assignments of error must not only be separately alleged, but particularly specified. An assignment that "the court erred in its various findings of fact" does not comply with the requirements of the rule.

2. EXCEPTIONS, HOW PRESERVED.
Exceptions can be preserved only by bill. A recital in the decree will not suffice.

3. APPELLATE PRACTICE.
In the absence of an exception to the final judgment, properly preserved, the evidence cannot be reviewed for the purpose of determining its sufficiency to sustain the decree.

4. CHAMPERTY.
It seems that a defense on the ground that a contract was champertous is available only to a party to the agreement.

5 SAME—PRACTICE.
An objection that a contract was champertous cannot be raised in the first instance in this court.

6. VARIANCE—PRACTICE.
Objection on the ground of variance between the allegations and proof must be raised at the trial. It is too late to raise it for the first time on appeal.

*Appeal from the District Court of Arapahoe County.*

THIS was an action, equitable in its nature brought by the appellee against the two appellants and W. J. H. Miller

and Nora Miller, his wife. The complaint, briefly summarized, states that in the year 1887 the defendant W. J. H. Miller was the equitable owner, with the right to the legal title, of certain interests in the Harrisburgh, the Denver, and the La Salle mining claims, situate in Pitkin county, Colorado. It alleges that the legal title was then in Clinton Markell, who held it in trust for the benefit of said Miller, but that owing to some differences between the trustee and the *cestui que trust*, the former declined to make the necessary conveyances to the latter evidencing his title.

About this time, or soon thereafter, the plaintiff Hallam entered into an agreement with Miller, whereby, for a valuable consideration, Miller agreed to sell and convey to the plaintiff an undivided one fourth interest of whatever interest the said Miller might have to the mining claims mentioned; and that he, the said Miller, would convey, or cause to be conveyed, to plaintiff, such interest whenever said Markell should voluntarily execute his trust, or whenever Miller should get or recover the same, by suit or otherwise, from Markell.

It is further alleged that by an agreement entered into between Markell and Miller some time in July, 1887, the interest in these claims which Miller should have, and which should be conveyed to him, was fixed at an undivided one eighth in the La Salle lode, to the extent of the value thereon placed, but which should not exceed the sum of twenty-five thousand dollars, to be realized from the net proceeds of the ore to be extracted from the mine, the title to remain in Miller until such sum was realized; and in like manner Miller's interest in the Denver and Harrisburgh lodes was fixed and determined at an undivided one eighth in each thereof.

It is alleged that the plaintiff thus became entitled to the legal title of an undivided one thirty-second interest in each of the claims by virtue of such arrangements as aforesaid.

The complaint further alleges that thereafter, by subsequent agreements in writing, which practically were the same

as the previous one, Miller agreed to execute to plaintiff conveyances of such interests thus determined and designated, which agreements Miller has failed to carry out; and the further allegation is made that, to complicate matters, Miller conveyed certain interests in said claims to his wife; and that the two Millers and Markell, still further to embarrass the plaintiff, and for the purpose of defrauding him, conveyed their interests, or part thereof, in these claims to the defendant Mining Company. But, as it is alleged, Mrs. Miller and Markell and the Mining Company well knew at the time of plaintiff's rights, under his agreement with Mr. Miller, to the interests in these three claims, and of this notice there seems to be no serious question.

Equitable relief is prayed, and a decree demanded establishing plaintiff's rights and compelling a transfer to him of an interest in the property, or of a portion of the capital stock of the company, as his rights may show him entitled to.

All of the defendants, except W. J. H. Miller, who suffered default, answered, substantially denying the allegations of the complaint, each answer containing certain affirmative matters by way of defense, which were denied by the replication.

Such other matters as demand consideration will be mentioned in the opinion at the appropriate place. The trial was had before the court without a jury, and all the issues found in favor of the plaintiff, and it being admitted by the parties, and found by the court, that there were standing in the name of the defendant Markell fifty-one thousand shares of the capital stock of the company, under the control of the latter, so that a decree could operate thereon, a decree was rendered against Markell and the Percy Company ordering that the defendant company within a fixed time issue and deliver to the plaintiff twenty-three hundred and ninety shares of the capital stock of the company, and that Markell and the company, in whom was then vested the legal title, should execute a conveyance to Hallam of an undivided one thirty-second interest in the La Salle lode, which said inter-

est, as between Markell and the company, was to come out of and be a portion of Markell's undivided interest in said La Salle claim, admitted and recognized by the parties to the suit as nominally belonging to him. These are the only portions of the decree which it is necessary to consider. Of the defendants, only Markell and the Mining Company have appealed to this court.

Mr. OSCAR REUTER, for appellants.

Mr. C. J. HUGHES, JR., for appellee.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

There are fourteen errors assigned. Of these the first ten, while "separately alleged," are not "particularly specified." They state generally that "the court erred in its various findings of fact," but do not specify wherein the error consists. This is not a compliance with rule 11 of this court. The only errors which, under rule 11, we can be called upon to consider, are those numbered respectively as 12, 13, and 14, relating to the admission in evidence of certain agreements between Miller and Hallam, referred to as exhibits 1, 2, and 3. The first of these was the written agreement of March 26, 1887, concerning the three claims; the second of May 2, 1888, in relation only to the La Salle lode; and the third, of the same date, in relation to the Harrisburg and Denver lodes.

The larger part of appellants' brief consists of a vigorous argument to show that the findings of the court are not justified by the evidence in the case. There was no exception to the final decree saved by appellants. In the decree itself is a recital that the defendants excepted to the findings and the decree, but this is not enough. The exception so taken must be preserved by bill of exceptions, and thus made a part of the record. We cannot, therefore, review the evidence for the purpose of determining the sufficiency of the same. The cases in this court and the court of appeals supporting both of these propositions, which are uniform and have been

repeatedly announced, are collected in Mills' Annotated Code, p. 666.

As just stated, there is nothing in any of the assignments of error specifying wherein the evidence is insufficient; but if we waive strict enforcement of the two rules just mentioned, and look to the evidence itself, we still are unable to discover its inadequacy. It is only in the argument of counsel that we are informed of appellants' conclusion that the principal reason why the plaintiff is not entitled to recover is that his rights rest upon a "champertous" contract, which he entered into with Miller, to furnish the latter aid in securing Miller's rights from Markell, and that these rights were contingent upon the success or failure of a lawsuit thus prosecuted.

Under the doctrine laid down in *Courtwright v. Burnes*, 13 Fed. Rep. 316, it is doubtful if such a defense, even if properly presented, would avail the defendants here, because interposed by a stranger, and not by a party, to the agreement the enforcement of which is asked. However this may be, and if, in the assignments of error, the appellants had complied with our rules of practice, and we could weigh the evidence with a view to pass upon its sufficiency, as this objection was not taken by answer, or objection to evidence, or in any other way at the trial, it is too late to raise it for the first time in this court. *Kutcher v. Love*, 19 Colo. 542.

The last three errors assigned, relating to the ruling of the court in admitting in evidence the three written contracts between Miller and Hallam, are without merit. While they do not specify why the admission of these instruments was wrong, by a reference to the abstract we learn that the general objection at the trial was that the contracts, as introduced, were not the contracts declared upon in the complaint; but wherein the difference lies, we are not even there advised. The argument of counsel, however, is that there is a variance between this proof and the allegations. To this we reply, that if, in any particular, there was a variance between the proofs offered and the allegations of the complaint, both for the protection of the court and the plaintiff, such objection

should have been clearly and distinctly called to the attention of the court, so that, if an amendment to the pleading, or additional evidence, might have cured the objection, an opportunity therefor would have been given. *Webber v. Emmerson*, 3 Colo. 248; *Cody v. Butterfield*, 1 Colo. 377; *Colo. M. & I. Co. v. Rees*, 21 Colo. 435.

But an examination of these writings and a comparison thereof with the complaint satisfies us that they correspond, and that these instruments tend to establish the allegations of that pleading.

A careful examination of the record shows that no reversible error was committed, and the judgment is accordingly affirmed.

*Affirmed.*