[No. 5379.]
[No. 3029 C. A.]

## GOLDBERGER v. LEIBOWITZ.

1. **Pleading—Counter-claim—What Claim Pleadable—Statutory Construction.**

Mills' Ann. Code, § 57, provides that a counter-claim may consist of a cause of action arising out of the transaction pleaded in the complaint as the foundation of plaintiff's claim or connected with the subject of the action. Held, that, in an action for conversion of goods, the possession of which was acquired by defendant in an attachment suit against plaintiff, which suit defendant dismissed, the latter may not plead a counter-claim based on the debt on which the attachment suit was brought.—P. 101.

2. **Same—Contract and Tort.**

A demand founded on contract cannot be a set-off against damages proved in an action for converting personalty.—P. 101.

3. **Same—Effect of Other Statutes—Justices of the Peace.**

Mills' Ann. Stats., § 2644, requiring in a justice of the peace court that all claims which either party has against the other, of such a nature as to be consolidated into one action or defense, shall be brought forward, does not change the rule that a cause of action arising out of contract cannot be set off against an action of trespass or trover.—P. 101.

4. **Appellate Practice—Insufficient Specification of Error.**

An assignment of error stating generally that the trial court erred in the rendition of the judgment, or in its findings in the judgment, is too general to authorize a review of the findings and judgment for any purpose.—P. 103.

*Appeal from the County Court of Pueblo County.*
*Hon. L. B. Gibson, Judge.*

Action by Isadore Leibowitz against M. Goldberger. From a judgment in the county court for plaintiff, on appeal from a like judgment in the justice court, defendant appeals.    *Affirmed.*

Mr. ALFRED ARRINGTON, for appellant.

Mr. C. S. ESSEX and Mr. D. M. CAMPBELL, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

In September, 1902, appellant brought an action in a justice court of Pueblo county against the appellee, and caused a writ of attachment to be issued and certain bundles of merchandise to be levied upon. No service was had upon the defendant in that action. The constable who levied upon the goods placed the same in the hands of the plaintiff for safe keeping. The plaintiff then caused the suit to be dismissed and converted the goods to his own use. Defendant in that action, appellee here, then instituted this action in the justice court. Judgment was obtained in that court against the defendant therein and an appeal was taken to the county court. It was stipulated in that court that the defendant was guilty of the conversion of the goods, and that their value was $153.38; that, if the defendant should be entitled to interpose his counter-claim as a set-off, the amount thereof should be $99.38. The county court disallowed the counter-claim, and error is assigned be-

cause of its action. The counter-claim was the basis of the suit which the appellant had brought against the appellee in which the writ of attachment was issued, and the amount was due plaintiff in that suit on account of the purchase price of a portion of the goods upon which the writ of attachment was levied.

The Code of Civil Procedure, § 57, provides that:

"A counter-claim may consist of a cause of action arising out of the transaction set forth in the complaint or answer as the foundation of the plaintiff's claim or defendant's defense, or connected with the subject of the action."

"If a transaction is set forth as the foundation of the plaintiff's demand, the counter-claim must arise out of that transaction."—Pomeroy's Remedies and Remedial Rights, § 742.

Here, the transaction was the unlawful conversion of the goods, and the counter-claim, to be a valid set-off, must grow out of that. An antecedent debt cannot be set off against the damages arising from the tort.—*Shafer v. Empire L. Co.*, 55 N. Y. Supp. 104; *Reamer v. Morrison Express Co.*, 67 S. W. 718; 6 Current Law 1444; *Hanson v. Byrnes*, 104 N. H. 762.

And herein is the case of *Warren v. Hall*, 20 Colo. 508, cited by appellant, distinguished. There the counter-claim grew out of the same transaction alleged in the complaint as the foundation of plaintiff's cause of action.

It appears to be fundamental that a demand founded on contract cannot be a set-off to damages proved in an action for the conversion of personal property.—Waterman on Set-off, § 138; *Moore v. Davis*, 11 Johnson 144; *Lane et al. v. Bailey*, 47 Barber 395; *Donahue v. Henry*, 4 E. D. Smith 162.

This action having been brought in a justice court, section 2644 Mills' Ann. Stats., which provides

that all claims which either party has against the other of such a nature as to be consolidated into one action or defense must be brought forward, should be considered. This statute does not change the rule that a cause of action arising upon contract cannot set-off against an action of trespass, *de bonus* or *trover.—Gunnerson v. Erickson;* 69 Ill. App., and cases there cited.

In that case the Illinois statute covering proceedings in a justice court, from which ours was taken, was considered, and it was therein determined that "a claim arising from contract cannot be set-off against an action for conversion of goods." So it is apparent that the court committed no error in disallowing the counter-claim of appellant.

The only other error that appellant assigns is in the following words, namely, there "is manifest error in the following particular, to wit:    *    *    * second, the rendition of final judgment in said cause and in the findings contained in said judgment."

In the stipulation hereinbefore alluded to, it was agreed that if the court "shall find that in the commission of the conversion complained of, defendant was guilty of either malice or willful deceit, or that the same was willful and attended by circumstances of fraud or malice or wanton or reckless disregard of plaintiff's rights, then in either of said events the judgment to be entered herein shall be in substance and form the same as rendered by the justice who tried the cause below."

The court so found, and rendered the same judgment as had theretofore been rendered by the justice, namely, for the value of the goods, $153.38, and $100.00 as exemplary damages.

Under the assignment of error above quoted, appellant desires that we review the findings and judgment of the court as to the allowance of exem-

plary damages. This we are unable to do. The speci-
fication of error is too general for any purpose.
Stating generally that the court erred in the rendi-
tion of the judgment or in its findings is not a com-
pliance with rule 11 of this court.—*Percy C. M. Co.
v. Hallum,* 22 Colo. 233; *Clear Creek v. Root,* 1 Colo.
375; *Colo. Central v. Smith,* 5 Colo. 160; 2 Enc. Pl.
& Pr. 955, 956.

Perceiving no reversible error assigned in this
record, the judgment of the county court will be
affirmed.                                    *Affirmed.*

Chief Justice Steele and Mr. Justice Goddard
concur.