## Douglas Reddish v. The People, etc.

1. CONSTRUCTION OF STATUTES — *Carrying Concealed Weapons.*—
Section 56 of Chapter 38, R. S. (the Criminal Code), entitled, "Disturbing
the Peace," and the act of 1881, regulating the "sale of deadly weapons,"
etc. (Laws, 1881, p. 7), are *in pari materia* and should be considered
together.

2. INSTRUCTIONS—*Juries Judges of the Law and Fact.*—An instruc-
tion in effect that the jury are the judges of the law as well as the fact,
but before they can disregard the law as given them by the court, they
ought to be able to say, upon their oaths, that they are better judges of
the law than the court, is proper.

Indictment, for carrying concealed weapons. Trial in the County
Court of Jersey County; the Hon. A. M. SLATEN, Judge, presiding.
Verdict of guilty and judgment; error by defendant. Heard in this
court at the May term, 1899. Affirmed. Opinion filed September 20,
1899.

THOS. F. FERNS, attorney for plaintiff in error.

MARTIN J. DOLAN, State's attorney of Jersey county, for
defendant in error.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of
the court.

Plaintiff in error was indicted in the Circuit Court for
carrying a concealed weapon, a revolver, which indictment
was certified to the County Court, where a trial by jury
resulted in his conviction and a judgment against him for
a fine of $25 and costs, to reverse which, he prosecutes
this writ of error.

It was admitted upon the trial that if the witnesses for
the people were present they would testify that defendant
did carry and flourish a revolver, as alleged in the indict-
ment. After the motion for a new trial was overruled, the
defendant moved the court to declare the act entitled "An
act to regulate the traffic in deadly weapons and to prevent
the sale of them to minors" (approved April 16, 1881, in
force July 1, 1881), unconstitutional and void, and also to

declare section 4 of the same act void and unconstitutional, and to assess the penalty on the verdict of the jury under Sec. 56 (Division 1) of the Criminal Code, which the court denied, but announced its decision to fix the penalty under the act of 1881. This ruling of the court, and the giving of the instructions given at the request of the people, are the errors argued in this court by which a reversal of the judgment is sought.

It is insisted, on behalf of the plaintiff in error, that the act of 1881 is in violation of the constitution, because the subject of section 4 of the act, which prescribes the penalty for carrying or displaying in a threatening manner any weapon described in the act, is not embraced in the title thereof, and that section 4 is invalid because it infringes the right of the citizen to bear arms.

Section 56, Division 1, of the Criminal Code (Rev. St.), is recognized as still in force after the passage of the act of 1881 (North v. People, 139 Ill. 106), and that section provides, among other things, that whoever shall carry concealed weapons, or in a threatening manner display any pistol, shall be fined not exceeding $100. While this statute provides a less penalty for the same offense than the act of 1881, it is *in pari materia* with that act, and should be considered with it; and while it is true the record in this case shows that the plaintiff in error requested the court to sentence him under section 56 above referred to, and the court announced its intention not to do so, yet we think the substantial question before us is, not whether the judgment of conviction may be supported under the act of 1881, but rather whether there is any law by which it may be sustained; and it would, it seems to us, be immaterial which statute the trial court had in mind at the time it gave judgment, provided its judgment was right and can be supported. We know there is a statute upon the same subject with Section 4 of the act of 1881, Section 56, Division 4, of the Criminal Code, to the validity of which no objection has been made, or can be made, that will support both the indictment and the judgment of conviction thereunder; and hence we are of

the opinion the question of the constitutionality or validity of the act of 1881 does not necessarily arise, and we therefore decline to discuss or entertain it, being forbidden to do the latter, preferring, to support the conviction, which we think we clearly can do under the statute, to which no objection is made. That statute authorizes a fine not exceeding $100 for the offense described in the indictment. The question of the validity of the other statute could not arise, unless the fine imposed exceeded $100, and in this case it was but $25.

The instruction of the court to the effect that the jury are the judges of the law as well as the fact, and before they could disregard the law as given by the court, they should be able to say, on oath, they are better judges of the law than the court, was sustained by the Supreme Court in Mullinix v. People, 76 Ill. 211, and therefore the court did not err in giving it.

Finding no error in the record and judgment of the County Court, the latter will be affirmed.