## GEORGE W. MULLINIX

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. INTOXICATING LIQUORS—*sale to one in habit of getting intoxicated.* On the trial of one indicted for selling intoxicating liquor to a person in the habit of getting intoxicated, the court instructed the jury, for the people, "that a person who is in the habit of drinking intoxicating liquors intemperately, is a person who is in the habit of getting intoxicated, within the meaning of the statute:" *Held,* that the instruction was erroneous. Intemperance does not necessarily imply drunkenness.

2. SAME—*liable for act of agent or clerk.* Under the act of 1872, relating to intoxicating liquors, a party keeping liquor for sale is liable, criminally, for sales made by agents, clerks, or servants in his employ, in violation of the act as to one in the habit of getting intoxicated, whether he knew they would make such sales or not. It is the duty of such person to see that his clerks and servants act prudently and discreetly, and observe the statute.

3. But if the proprietor, in good faith, employs a clerk, believing him to have prudence and discretion, and forbids his selling liquor to the persons prohibited, and the clerk should disregard such orders, then, under this statute before its amendment, the proprietor would be protected; but no opinion is given as to what the rule would be, in that regard, under the present statute.

4. SAME—*effect of the repeal of the law.* The statute which repealed the liquor law of 1872, in express terms saved and reserved the rights which had accrued under a repealed statute as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued; therefore the repeal of such act in nowise affected the people's right to prosecute for penalties incurred under it.

5. INSTRUCTION—*as to the jury being judges of the law.* On the trial of one for selling liquor to a person in the habit of getting intoxicated, the defendant asked the following instruction: "The court instructs the jury for the defense that the jury are the sole judges of the law as well as the facts in the case." The court added the following: "But the jury are further instructed, that it is the duty of the jury to accept and act upon the law, as laid down to you by the court, unless you can say, upon your oaths, that you are better judges of the law than the court; and if you can say, upon your oaths, that you are better judges of the law than the court, then you are at liberty to so act:" *Held,* no error in the modification, but that it was eminently just and proper.

6. CRIMINAL LAW—*judgment when defendant is convicted on two counts.* Where a defendant was convicted on two counts of an indictment for selling liquor to one in the habit of getting intoxicated, the punishment being ten days' imprisonment for each offense, it was *held* to be error to render judgment of imprisonment for twenty days in gross. The imprisonment awarded should be for a specified time under each count, the time under the second to commence when the first ends.

7. SAME—*judgment as to imprisonment in a different county.* It is not for the court, in rendering judgment of imprisonment in a criminal case, to order the defendant to be imprisoned in the jail of another county, specifying it. If there be no jail in the county of the trial the court may recite the fact in its judgment, and order the sheriff to imprison the defendant in the nearest sufficient jail of another county; though it is made the duty of the sheriff, when there is no jail in his county or when it is insufficient, to imprison persons committed, in the nearest sufficient jail, without any order of court for that purpose.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. CREA & EWING, and Mr. JONATHAN MEEKER, for the plaintiff in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Plaintiff in error was indicted in the Moultrie circuit court, for selling intoxicating liquor to one Harding, "a person in the habit of getting intoxicated." There were several counts in the indictment. On a trial the jury found the defendant guilty, on the first and second counts. After overruling a motion for a new trial, the court sentenced accused to be imprisoned, for twenty days, in the Shelby county jail, and rendered a judgment for a fine of $80, and costs. To reverse the judgment, this writ of error is prosecuted.

It is first objected, that the court below erred in giving for the prosecution this instruction:

"The court instructs the jury, for the people, that, under the law, a person who is in the habit of drinking intoxicating

liquors intemperately, is a person who is in the habit of getting intoxicated, within the meaning of the statute."

We can hardly see the necessity of giving such an instruction. It would seem only necessary to instruct the jury, in the language of the statute, what constitutes the offense, and leave the jury to determine whether the person was in the habit of getting drunk. The word "intoxicate," means to become inebriated or drunk, but intemperance does not necessarily imply drunkenness. It is defined to be the use of anything beyond moderation—use beyond moderation. Hence this instruction was not precise and definite. It told the jury, in effect, that if Harding used intoxicating liquors beyond a moderate use, he was a person named in the statute to whom liquor could not be lawfully sold. As to what would be a moderate use, intelligent persons widely differ. The instruction may have misled the jury, and should not have been given.

It is next urged, that the court below erred in telling the jury that if plaintiff in error, by himself, agent or clerk, sold intoxicating liquor to Harding within eighteen months from the finding of the indictment, and that he was in the habit of getting intoxicated, they should find defendant guilty.

It is first objected, that the owner of the liquor can not be rendered liable unless he has knowledge that the agent or clerk would make the sale, or he had given authority to make the sale. The 14th section of chapter 43, R. S. 1874, expressly declares that it shall not be necessary to show knowledge of the principal, to convict for an act of the agent or servant. But, it is said, this provision was not in the law as it was first passed, but was inserted for the first time in the revision of 1874. But under the act as it was originally adopted, we have no doubt that the principal was liable for the acts of his agent or servant, although he had no knowledge. He employed the clerk to sell the liquor, and, in doing so, it was his duty to see to it that the clerk was prudent and discreet,

and would observe the requirements of the statute. He could not employ a reckless person, who had no regard for the law, and then shield himself by saying he did not know that the servant was violating the law.

To permit such a defense would be a virtual repeal of the statute. It would be only necessary for the keeper of a dram shop to employ such a servant, and avoid seeing or knowing that he was violating the statute, to escape the punishment imposed.

In the case of *Stevens* v. *The People*, 67 Ill. 587, it was held that the owner of a gaming house might be indicted and punished for the acts of his agent or servant, in carrying on the house. If the proprietor, in good faith, were to employ a clerk, believing him to have prudence and discretion, and were to forbid his selling liquor to the persons prohibited, and the clerk were to disregard such orders, then a different question would have arisen under the statute before it was amended, and the proprietor would have been protected; but no such question is presented by this record, and we abstain from the expression of any opinion as to whether such would be the case under the present statute.

It is further objected, that the act of 1872 was repealed by the act of 1874. This latter law has no repealing clause, but the former act was repealed by the 849th clause of section 5, of the chapter entitled Statutes (R. S. 1044.) The 4th section of this latter statute, in express terms, saves and reserves the rights which have accrued under a repealed statute, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued. Hence the repeal of the former liquor law in nowise affected the people's right to prosecute for penalties incurred under that act, until barred by limitation. We therefore see no error in this instruction.

It is further insisted, that the court erred in modifying the instruction of plaintiff in error. It was this: "The court instructs the jury, for the defense, that the jury are the sole

judges of the law, as well as the facts in the case." To which the court added: "But the jury are further instructed, that it is the duty of the jury to accept and act upon the law as laid down to you by the court, unless you can say, upon your oaths, that you are better judges of the law than the court; and if you can say, upon your oaths, that you are better judges of the law than the court, then you are at liberty to so act." This modification is strictly within what was held in the case of *Fisher* v. *The People*, 23 Ill. 283. And, so long as the statute remains as it now is, we regard such a modification to such an instruction as eminently just and proper.

It is lastly insisted, that the court erred in the rendition of the judgment. The defendant was convicted on two counts, which were specified in the verdict, and the court rendered a sentence that he be imprisoned twenty days generally. It is error to sentence a person on such a conviction to a single term, but it should be for a specified term under each count, the time under the second to commence when the first ends, and so on till the last. In this the judgment was erroneous.

It was also error for the court to order the defendant to be imprisoned in the county jail of another county, specifying it. If there was no jail in Piatt county, it would not have been error for the court, in its judgment, to recite the fact, and to have ordered the sheriff to imprison defendant in the nearest sufficient jail of another county, as the statute requires. Or, had the judgment been that defendant be committed to the county jail, and there was none, or it was insufficient, then it would be the duty of the sheriff, under the statute, to imprison him in the nearest sufficient jail in another county.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed*