WILLIAM STACK

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1.  CRIMINAL LAW — *of a single sentence on convictions under several counts.* Where a defendant is found guilty, under several different counts of an indictment, for selling liquor without a license, it is error to sentence generally to a single term of imprisonment. He should be sentenced for a specified term under each count, the time under the second to commence when the first ends, and so on to the last.

2.  BILL OF EXCEPTIONS—*should contain excluded evidence.* If a party wishes to rely upon the exclusion of evidence by the court below as ground for reversing the judgment, he should preserve such excluded evidence in

the bill of exceptions, and if he fails to do so, the Supreme Court can not pass upon the question.

3. SAME—*when it does not purport to contain all the evidence, other evidence presumed to have been introduced.* Where the bill of exceptions fails to show that it contains all the evidence introduced on the trial, it will be presumed that other evidence was introduced sufficient to authorize the verdict of the jury.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. N. J. PILLSBURY, Judge, presiding.

Messrs. JUSSEN & ANDERSON, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment against the defendant for selling intoxicating liquors without having a legal license to keep a dram shop, under section 2, chapter 43, Revised Statutes of 1874, page 438.

The indictment contained thirteen counts. On the trial of the cause the jury rendered a verdict of guilty in manner and form, as charged in the indictment in the first, second, third, fourth, fifth and eighth counts.

The court, upon the verdict of the jury, rendered a judgment against the defendant for a fine of $100, and sentenced him to imprisonment in the county jail for thirty days.

Several errors have been assigned upon the record, but the defendant, in the argument of the cause, relies upon two grounds to reverse the judgment of the circuit court:

*First*—That the verdict was not authorized by the evidence.

*Second*—That the judgment of imprisonment for thirty days in gross was error, as there should have been a specified number of days of imprisonment on each count upon which the defendant was convicted.

So far as the first point is concerned, upon an examination of the bill of exceptions contained in the record, it does not purport to contain all of the evidence introduced on the trial of the cause. This court has held, in a number of cases, that

3—80TH ILL.

where the bill of exceptions fails to show that it contains all the evidence introduced on the trial, it will be presumed that other evidence was introduced sufficient to authorize the verdict. We will, therefore, presume that the evidence heard upon the trial fully justified the verdict of the jury.

The second question has been settled by the former decisions of this court. In *Mullinix* v. *The People*, 76 Ill. 211, which was an indictment for selling intoxicating liquor to a person in the habit of getting intoxicated, the defendant was convicted on two counts of the indictment, and the court rendered a sentence that he be imprisoned twenty days, generally. It was said: "It is error to sentence a person on such a conviction to a single term, but it should be for a specified term under each count, the time under the second to commence when the first ends, and so on to the last.

No distinction is perceived between the case cited and the one under consideration, and the decision must be regarded as conclusive of the question raised. See, also, *Martin* v. *The People*, 76 Ill. 499, and *The People ex rel. Menyx* v. *Whitson*, 74 Ill. ——, where the same point was decided.

The defendant also claims, that the court erred in excluding from the jury a book, containing the constitution and by-laws and proceedings of a certain society, for which the defendant claimed to be acting. The offered evidence was excluded by the court on the ground that it was not material to the question involved. As the bill of exceptions does not, however, contain the offered proof, we have no means of ascertaining whether it was material or not, and can not pass upon the question. Had the defendant desired to present the point, as was held in *Shoudy* v. *School Directors*, 32 Ill. 290, he should have incorporated the offered evidence in the bill of exceptions; but as he has failed to do this, we can not determine whether the court erred or not in the exclusion of the testimony.

For the error indicated, the judgment will be reversed and the cause remanded

*Judgment reversed.*