(No. 18684.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARTHUR WELCH, Plaintiff in Error.

*Opinion filed June 23, 1928.*

FARMER, J., dissenting.

M. J. GANNON, and ELWIN M. BUNNELL, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, MARK C. KELLER, State's Attorney, and ROY D. JOHNSON, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was charged, in an information of two counts filed in the county court of Lee county, with violation of the Prohibition act. By the first count he was charged with the sale of intoxicating liquor, and in the second count with possession thereof. He entered a plea of guilty on December 14, 1927, and was sentenced under the following judgment: "It is therefore ordered by the court that the said defendant, on the first count of the said information, be and he hereby is sentenced to be confined on the Illinois State farm at Vandalia, Illinois, and further, that on the second count of said information the said defendant be sentenced to pay a fine of one thousand ($1000) dollars and the costs of these proceedings, and that in the default of the payment of said fine and costs he be committed to the said Illinois State farm at Vandalia, Illinois, until said fine and costs are fully paid, but not for a period to exceed six months. It is further ordered that confinement under the second count of said information be commenced immediately upon the completion of the sentence imposed under the first count of the said information." Thereafter a motion was made to vacate the judgment and for leave to plead, which was denied. Plaintiff in error brings the cause here for review.

Plaintiff in error contends, first, the act creating the Illinois State farm is invalid because it embraces more than one subject and the subjects contained in the act are not expressed in the title; second, the act creating the State farm is invalid because it attempts to amend other acts by reference to their titles; third, the judgment committing plaintiff in error until the fine and costs are paid is void, indefinite and in excess of the authority of the court; and fourth, the act creating the State farm was repealed in 1923, and the order of commitment is therefore void.

The act creating the State farm was first passed in 1917 and was entitled "An act to create a State farm." This act authorized male offenders above sixteen years of age, found guilty of an offense which was punishable by confinement in the county jail, workhouse or house of correction, to be committed to the State farm. In 1921 the legislature amended the act, authorizing the transfer to the State farm of male offenders above the age of sixteen years whose offense was punishable by confinement in the penal institutions of the State and who might be eligible for parole. In 1923 the act of 1917 was repealed and a new, complete act was adopted in its place. The title of the act of 1923 is, "An act in relation to the Illinois State farm." Section 1 provides that the State farm shall be continued as one of the penal institutions of the State.

The objections raised to the constitutionality of the act by plaintiff in error's first and second points were considered by this court in the case of *People* v. *Landers,* 329 Ill. 453, and the validity of the act was there sustained.

Plaintiff in error's fourth objection,—that is, that the act creating the State farm was repealed in 1923 and therefore there is no authorization for an order of commitment to the State farm,—was also considered in *People* v. *Landers, supra.* It was there held that while the act of 1923 repealed the act of 1917, yet in the interpretation of that act the court is permitted to refer to the earlier act relating to the same subject. Section 1 of the act of 1923 declares that the State farm as created in the act of 1917 shall be continued as one of the penal institutions of the State. Plaintiff in error's fourth contention, therefore, cannot be sustained.

Concerning the third point,—that is, that the judgment committing the defendant until the fine and costs are paid is void, indefinite and in excess of the authority of the court,—counsel for plaintiff in error present two arguments. The first is, that the law does not authorize the court to

commit a defendant to the farm until fine and costs are paid. This question was considered by this court in the case of *People* v. *Lavendowski,* 329 Ill. 223, and there decided contrary to the contention of plaintiff in error. The second argument is, that the judgment and order of commitment are so indefinite as to make it impossible to ascertain when the sentence under the first count will expire and confinement under the sentence on the second count begin. The judgment on each count of the information was a separate judgment. (*People* v. *Holton,* 326 Ill. 481; *People* v. *Brush,* 324 id. 261.) It will be noted that the order of commitment provides "that the defendant, on the first count of the said information, be and he hereby is sentenced to be confined on the Illinois State farm at Vandalia, Illinois." This is the sentence imposed under the first count. No period of confinement is fixed. While the sentence under the second count is that the defendant pay a fine of $1000 and stand committed to the State farm until the fine and costs are paid but not for a period to exceed six months, these provisions relate only to the judgment under the second count. There is nothing in the record by which it may be determined when the commitment under the first count expires. It necessarily follows that it is likewise impossible to determine either the commencement or termination of the sentence under the second count.

The judgment was therefore erroneous and is reversed and the cause remanded, with directions to the court to enter a proper, definite judgment under each count of the information. *Reversed and remanded, with directions.*

Mr. JUSTICE FARMER, dissenting.