(No. 26138.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BOB WHITE, Plaintiff in Error.

*Opinion filed June 13, 1941—Rehearing denied September 15, 1941.*

ELLIS & WESTBROOKS, JOSEPH J. ATWELL, JR., and BARBARA WATTS GOODALL, (RICHARD E. WESTBROOKS, of counsel,) for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

Bob White, also known as Floyd White, was arraigned in the municipal court of Chicago, November 7, 1939, upon an information charging that he had "unlawfully and wilfully with intent to cheat and defraud by means of false pretenses" obtained $25 from Herbert Cohen. The defendant entered a plea of not guilty and waived trial by jury. The issues were submitted to the court, and defendant was found guilty and sentenced to confinement in the house of correction of the city of Chicago for a term of one year. The judgment order provided that the term should run "from and after the delivery of the body of said defendant to the superintendent of said house of correction." The final paragraph of the judgment order, apparently referring to a sentence previously imposed upon defendant in a companion case, reads as follows: "It is

ordered that the term of imprisonment now here imposed in this cause commence at the expiration of said one year $1.00 and costs imprisonment in said other case No. 1639853."

March 11, 1940, after the term had expired, a petiton was filed to vacate the judgment, quash the *mittimus* and discharge the defendant. The grounds urged therein were that the information does not charge a criminal offense, that on the trial defendant had not been represented by counsel, and that the judgment order is vague and indefinite. The People filed a motion to dismiss the petition. Defendant testified at a hearing on the petition and motion, before the same judge who had presided at his trial, that he had not been represented by counsel and had been denied a continuance for the purpose of obtaining an attorney. The court denied the petition. Upon a writ of error, the Appellate Court for the First District found the record free from error in all respects, except that the judgment order was inconsistent and unintelligible. The judgment, therefore, was reversed and the cause was remanded for the imposition of a proper sentence. Defendant has prosecuted a writ of error to this court for a further review of the record.

The defendant contends that the information, since it does not specify any criminal acts, fails to state the nature and cause of the accusation, and, therefore, does not charge a criminal offense as required by section 9 of article 2 of the constitution. The information states the charge substantially in the language of the statute declaring the offense, and with ample clarity to have apprised a jury, had a jury not been waived, of the nature of the offense. The information uses the word "wilfully," a synonym for "designedly," which is employed in the statute. (Black's Law Dict. (2d ed.) p. 122.) Contrary to defendant's contention, therefore, *scienter* is sufficiently alleged.

It is urged that defendant was deprived of his right to have counsel at his trial. The record recites that defendant was represented by counsel and it must prevail over his

254

statements at the hearing of his petition to vacate the judgment, which were held to be untrue by the same judge who had presided at his trial. (*People* v. *Frankowsky,* 371 Ill. 493; *Gillespie* v. *People,* 176 id. 238.) Defendant contends that in holding these statements were untrue the court used prejudicial language. Placing sole reliance upon *People* v. *Steinfeld,* 38 Cal. App. (2d) 280, where an accused was convicted by the court without a jury, defendant quotes only a part of one paragraph from that decision. He omits the fact that the judgment was affirmed upon the basis of the unquoted balance of the paragraph, which stated that the judge may comment upon his impressions as to the veracity of the witnesses in a trial without a jury, and that even improper comments do not call for a reversal unless resulting in a miscarriage of justice. In the case before us, the language of the court, if objectionable, could not have affected the defendant's interests, since it was not used during the course of the trial, but upon the motion to vacate made after the term, and the court merely expressed an opinion evidently based upon his own recollection of the proceedings at the trial.

The defendant insists that, while the Appellate Court correctly reversed the judgment upon the ground that it was vague and indefinite, the cause should not have been remanded. Where the judgment order fails to define clearly the limits of sentences intended to run consecutively, or requires the aid of a court for its construction, the cause should be remanded for the imposition of a proper sentence. (*People* v. *Welch,* 331 Ill. 20; *People* v. *Elliott,* 272 id. 592.) The record was free from error except in the form of the judgment, and the Appellate Court properly remanded the cause so that a proper judgment order could be entered.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*