(No. 31111.-)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EARL NICHOLSON, Plaintiff in Error.

*Opinion filed September 22, 1949.*

JAMES ELWYN DANIELS, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JAMES S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, and W. S. MIROSLAWSKI, both of Chicago, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Earl Nicholson, hereafter called defendant, on September 16, 1929, entered a plea of guilty

to an indictment for murder, returned in the criminal court of Cook County. On September 23, 1929, the court entered the following sentence and judgment:

"THEREFORE, it is considered, ordered and adjudged by this Court that the said Defendant Earl Nicholson is guilty of the said crime of Murder * * * and that he be and is hereby sentenced to confinement at hard labor in the Penitentiary of this State, at Joliet, in the State of Illinois, * * * for the term of his natural life, * * * from and after the delivery of the body of said defendant Earl Nicholson to the Keeper or Warden of said Penitentiary, * * * and the said Warden or Keeper is hereby required and commanded to * * * confine him in said Penitentiary in safe and secure custody, for and during the term of his Natural Life at hard labor from and after the delivery thereof.

"It is further ordered by the Court that the said imprisonment shall begin at the expiration of the sentence of imprisonment of the said Earl Nicholson this day entered in cause No. 53712 on the docket of this Court, being The People of the State of Illinois v. Earl Nicholson in the cause of robbery, etc., at the present term of this Court."

The only error assigned is that the sentence is vague, indefinite, inconsistent and void, or, in the alternative, that the sentence for murder ran concurrently with the sentence for robbery.

The rule is well settled that where the judgment order fails to clearly define the limits of sentences intended to run consecutively, or requires the aid of a court for its construction, the cause should be remanded for the imposition of a proper sentence. (*People* v. *White,* 377 Ill. 251; *People* v. *Dennison,* 399 Ill. 484; *People* v. *Welch,* 331 Ill. 20.) It has likewise been held that a judgment order that provides imprisonment commencing from and after delivery of the body, and also orders the term of imprison-

ment to commence at the expiration of incarceration in another case offends the rule as to certainty. (*People* v. *White*, 377 Ill. 251.) In the instant case if defendant commenced serving his sentence for murder from the delivery of his body to the Warden, almost twenty years have elapsed, whereas, it is impossible to say when it began if the ending of the sentence in the robbery case is the beginning point.

In *People* v. *Wooten*, 392 Ill. 542, the trial court attempted to impose consecutive sentences, but those to be served first were for terms of years in excess of law, while that under review was for life, commencing after the service of sentences in two identified cases. In that case we held, where the judgment order fails to specify any time when the sentences shall lawfully become effective, rendering a determination of the beginning or ending of a term impossible, that they should be presumed to be served concurrently, and accordingly held he was entitled to credit for the time he was serving such sentences in the penitentiary concurrently with his sentence for murder.

In this case the judgment sentencing the defendant to imprisonment for life from the date of delivery of his body to the warden was a lawful one, which he was serving concurrently with the sentence for robbery, and that portion of the sentence purporting to make its commencement start with the ending of the sentence for robbery is void for the reasons above set forth.

Defendant asks that the judgment be either remanded for a correct sentence, or that the sentence in this case for murder be held as being served during the time he was imprisoned under the conviction for robbery. Since the sentence for robbery was subject to control by the Parole Board as to length of time, it would be harsh and unjust for us to presume the length of time served by the defendant on the robbery conviction, and accordingly we hold that

defendant has been serving his life sentence for murder since the date of his incarceration thereunder, and also concurrently serving his sentence in the robbery case, No. 53712.

A remandment of the cause is not necessary, and the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*