(No. 31441.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EARL HARDGRAVE, Plaintiff in Error.

*Opinion filed May 18, 1950.*

EARL HARDGRAVE, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, and RUDOLPH JANEGA, both of Chicago, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Earl Hardgrave, was convicted in the criminal court of Cook County for the crime of assault with intent to murder, and the cause number in that court is 38-1463. On December 2, 1938, the court entered judgment in said cause in the following language: "Judgment of the Court is: The Defendant is Guilty of an Assault with Intent to Murder in manner and form as charged in the indictment. Defendant sentenced on Verdict and Judgment to the Illinois State Penitentiary for a term of not less than One (1) year nor more than Fourteen (14) years. Sentence to run consecutively with sentence imposed in cause 38-1464." The judgment order further recites: "THEREFORE, it is ordered and adjudged by the Court that the said Defendant Earl Hardgrave be and he hereby is sentenced to the Illinois State Penitentiary for the crime of Assault with intent to murder in manner and form as charged in the indictment whereof he stands convicted, for a term of years not less than one (1) nor more than four-

teen (14) years as fixed by statute for the crime whereof he stands convicted, and it is further ordered and adjudged that the said Defendant Earl Hardgrave be taken from the bar of the Court to the Common Jail of Cook County, and from thence by the Sheriff of Cook County to the Illinois State Penitentiary, and be delivered to the Department of Public Welfare and the said Department of Public Welfare is hereby required and commanded to take the body of the said defendant Earl Hardgrave and confine him in said penitentiary according to law, *from and after the delivery thereof until discharged* according to law, provided such term of imprisonment in said Penitentiary shall not be less than one (1) year nor more than fourteen (14) years, for the crime for which the said Defendant was convicted and sentenced.

"It is further ordered by the Court that the said imprisonment shall begin at the expiration of the sentence of imprisonment of the said Earl Hardgrave, this day entered in cause No. 38-1464 on the docket of this Court being the People of the State of Illinois v. Earl Hardgrave in the cause for Assault with intent to murder in manner and form as charged in the indictment at the present term of this Court."

Plaintiff in error claims that he is being held in the penitentiary on consecutive sentences of one to fourteen years each, and that the judgment order is too indefinite and uncertain to justify a sentence for consecutive services of said terms of imprisonment, but as a matter of law, in line with our previous decisions, the sentences should be served concurrently.

The attorneys for the People call our attention merely to the decision of *People* v. *Flannigan*, 398 Ill. 55, as supporting the validity of the judgment, but in that case the judgment was reversed because each sentence recited that they "shall begin at the expiration of the other." The judgment in No. 38-1464, is not before us, so we do not know

how it begins or ends. However, we do find that the present judgment is certainly ambiguous. In the first part of the judgment we find the language "sentence to run consecutively with sentence imposed in cause 38-1464." "Consecutively with" is indefinite and ambiguous and means nothing, certainly when the cause, or the crime, or the court in cause No. 38-1464 is not described.

The latter part of the judgment order entered on the same day, as shown above, provides that the sentence in the cause then pending, which was No. 38-1463, required the warden of the penitentiary "to take the body of the said defendant Hardgrave * * * from and after the delivery thereof until discharged according to law;" and later on the same order provides that the sentence shall begin at the expiration of the sentence in No. 38-1464. It is, of course, impossible that the prisoner can commence a sentence in No. 38-1463 from the date of his delivery, and at the same time commence the same sentence after serving a fourteen year sentence in No. 38-1464; and in accord with our holdings in *People* v. *Nicholson,* 404 Ill. 122, *People* v. *White,* 377 Ill. 251, *People* v. *Dennison,* 399 Ill. 484, and *People* v. *Welch,* 331 Ill. 20, said sentences are not properly ordered as consecutive sentences, but are held to be concurrent sentences to be served at the same time.

We have many times advised that it is not possible to provide that a sentence in one case shall commence from the delivery of the body to the warden of the penitentiary, and at the same time provide that the sentence in the same case shall begin at the expiration of another sentence, as the law requires sentences to be precise and certain; and further, that a sentence should not be so indefinite as to require the aid of the court in its construction. It is our holding that the sentences of plaintiff in error, Earl Hardgrave, in the present cause and in cause No. 38-1464, are being served concurrently.

Plaintiff in error says he has served the full term of the sentence after allowance for good time. That, of course, is a matter which we cannot determine upon writ of error, and if he does not receive prompt relief from the prison authorities, he would, of course, be entitled to bring his writ of *habeas corpus*, as being unlawfully detained beyond the term of his sentence. At any rate we do not have before us information which would enable us to say that the concurrent term of service fixed by law in the two causes, of one to fourteen years, has been fully served, and consequently the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*