THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. ARTHUR TRYGG, Plaintiff in Error.

*Opinion filed May 24, 1951.*

ARTHUR TRYGG, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Arthur Trygg, was convicted in the criminal court of Cook County for the crime of robbery, and sentenced to the penitentiary for not less than one year nor more than life. At the same term of court he was indicted for the robbery of another individual, and upon conviction was sentenced to the penitentiary for a

term of twenty years. The first sentence provided that he be confined in the penitentiary from and after his delivery thereto until discharged according to law. And the sentence in the second case, according to the record presented by plaintiff in error, also provided that he be confined in the penitentiary from and after his delivery to the penitentiary for a term of twenty years, with the provision that the service of the second sentence commence after the expiration of the first sentence. Plaintiff in error contends this sentence is too indefinite to comply with the requirements of consecutive sentences under our holdings in *People* v. *Nicholson,* 404 Ill. 122, and *People* v. *Hardgrave,* 406 Ill. 211.

Plaintiff in error does not ask that the case be reversed, but that we hold that the sentences should be served concurrently under the rule announced in the cases above cited. However, the People have presented an additional record, which discloses that the judgment was corrected on November 29, 1950, *nunc pro tunc* as of the date of the original sentence, so as to read as follows:

"Therefore, it is ordered and adjudged by the Court that the said defendant, Arthur Trygg be and he hereby is sentenced to the Illinois State Penitentiary for the crime of Robbery while armed in manner and form as charged in the indictment whereof he stands convicted, for a term of years not less than 20 years, for the crime whereof he stands convicted.

"And it appearing to the Court that the defendant, Arthur Trygg in Cause 38-1092 has on the 20th. of June, A.D. 1938, been sentenced by this Court to imprisonment in the Illinois State Penitentiary for a term of one year to life for the crime of Robbery while armed. It is therefore ordered and adjudged that the imprisonment of said defendant, Arthur Trygg, under the sentence imposed against him in the pending Case Number 38-1093, shall not commence until the expiration of the imprisonment under said sentence of said defendant for said crime of Robbery while armed.

"And it is further ordered and adjudged that the said defendant Arthur Trygg, be taken from the bar of the Court to the Common Jail of Cook County to the Illinois State Penitentiary, and be delivered to the Department of Public Welfare and the said Department of Public Welfare is hereby required and com-

manded to take the body of the said defendant Arthur Trygg and confine him in said Penitentiary according to law."

The additional record presented by the People discloses that this amendment and correction of the record was made from a memorial made by the judge in his own handwriting at the time of the original sentence, and that the judgment complained of by plaintiff in error was entered through the inadvertence, mistake and clerical misprision of the clerk of the court, without warrant of authority from the court. The record discloses that this correction of the judgment was made in full compliance with the law as announced in our recent decision of *People* v. *Hall,* 407 Ill. 137.

It therefore appears that the true judgment from which plaintiff in error prosecutes the present writ of error is the one disclosed by the amended record, and not that set forth in the record first presented. The amended record discloses fully and without ambiguity the fact that the plaintiff in error was sentenced in the first instance from one year to life for the crime of armed robbery in case No. 38-1092, and that the sentence in the present case, No. 38-1093, shall not commence until the expiration of the imprisonment under the first indictment. There is nothing uncertain or ambiguous about this sentence, since it does not make it commence in both instances from the time of his delivery to the penitentiary, but expressly provides that it shall commence after the expiration of the first sentence, although plaintiff in error is to be delivered to the Department of Public Welfare, and confined in the penitentiary according to law, that is, until he is discharged from an imprisonment under his first sentence, and has thereafter served his sentence under the second conviction.

The judgment of the criminal court of Cook County is affirmed.