(No. 31554.—▮▮▮▮▮▮▮

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* STERLING FERGUSON, Plaintiff in Error.

*Opinion filed September 21, 1951—Rehearing denied Nov. 19, 1951.*

STERLING FERGUSON, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and
JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T.
GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING,
and WILLIAM J. McGAH, JR., all of Chicago, of counsel,)
for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the
court:

Sterling Ferguson was indicted for burglary by the
grand jury of Cook County, and on his plea of guilty was
convicted and, on May 27, 1935, was sentenced to the
penitentiary. He brings this writ of error to review the
judgment of conviction upon the common-law record, con-
tending that the sentence imposed upon him was so un-
certain and indefinite as to be void, or, alternatively, that

it should be considered as a concurrent rather than a consecutive sentence.

The judgment order commanded the Department of Public Welfare "to take the body of the said Defendant, Sterling Ferguson, and confine him in said Penitentiary according to law, from and after the delivery thereof until discharged according to law * * *." It also contained the following: "It is further ordered by the Court that the said imprisonment shall begin at the expiration of the sentence of imprisonment of the said Sterling Ferguson entered the second day of May, A.D. 1935 in cause No. 75757 on the docket of this Court being the People of the State of Illinois vs. Sterling Ferguson in the cause for Burglary in manner and form as charged in the indictment at the April term of this Court."

Similar judgments have recently been held to lack the degree of certainty required in the imposition of consecutive sentences. (*People* v. *Nicholson,* 404 Ill. 122; *People* v. *Camy,* 404 Ill. 391.) An additional record filed by the People in this case, however, shows that the original judgment order has been corrected by an order entered by the criminal court on November 29, 1950, *nunc pro tunc* as of the date of the original judgment. The correction was based upon minutes contained in the daybook of the clerk of the court. The corrected order omits the language referring to imprisonment from and after delivery of the body of the prisoner to the Department of Public Welfare. If the proceedings to correct the original judgment were properly taken, it is free from the ambiguity and uncertainty on the basis of which it was originally attacked. *People* v. *Puschman,* 409 Ill. 264; *People* v. *Walker,* 409 Ill. 232; *People* v. *Trygg,* 409 Ill. 268.

Defendant contends that the order correcting the record was improperly entered. He first argues that he was entitled, as a matter of constitutional right, to be present in person at the hearing on the motion to amend the record.

He was served with notice of that motion, but was unable to respond because he was confined in the penitentiary. This court has held that a defendant in a criminal case is not entitled, as a matter of right, to be present when proceedings are taken to correct the record. (*Nagel* v. *People,* 229 Ill. 598.) Federal courts have reached the same conclusion. (*Dowdell* v. *United States,* 221 U.S. 325; *Waldon* v. *United States,* 84 F. Supp. 449.) These decisions rest upon the ground that the constitutional right of confrontation (section 9 of article II) is designed to secure to an accused the right to cross-examine the witnesses who testify against him. (Wigmore on Evidence, 3rd ed., sec. 1397.) In a proceeding to correct a clerical error in the record, guilt or innocence is not involved. In Illinois, a written memorial of an official character, rather than the testimony of witnesses, is required as the basis for correction of a judicial record. (*People* v. *Hall,* 407 Ill. 137.) Therefore, cases such as *Montgomery* v. *United States,* 134 F. 2d 1, which contemplate a correction based upon the recollection of the trial judge or the testimony of other witnesses are not in point. Whether, under some circumstances, the orderly administration of criminal justice might require the personal presence of a prisoner at a proceeding to correct the record need not now be decided. Here, the objection to the original judgment is of an extremely technical and formal character and the prisoner is entitled to such rights only as clearly exist under the constitution.

The order correcting the record was entered by Judge Cornelius J. Harrington, who presided at the original trial. Defendant contends that when he entered the order correcting the record, Judge Harrington was sitting as a judge of the circuit court of Cook County and was not assigned to the criminal court. This contention, however, directly contradicts the record, which shows that Judge Harrington was assigned as a judge of the criminal court of Cook

County at the time that he entered the order in question. As held in *People* v. *Hirschberg, post,* page 165, the record cannot effectively be impeached by unsupported statements which contradict it.

The clerk's minute entry, upon the basis of which the original judgment was corrected, reads as follows: "Finding the Defendant Guilty of Burglary in manner and form as charged in the indictment, and sentenced on plea to the Illinois State Penitentiary for a term of 1 year to Life. Sentence to run consecutively with sentence heretofore imposed on Indictment 75757. Sentence to start at expiration of sentence heretofore imposed on Indictment 75757." Defendant contends that the use of the phrase "consecutively with" renders the clerk's minute entry itself ambiguous and that it cannot, therefore, afford a basis for correcting the judgment. The contention here is that the preposition "to" should have been used rather than the preposition "with" and that the failure to use the more precisely exact word creates a fatal ambiguity.

This contention is unsound. The meaning of the minute entry is clear enough even if its last sentence is wholly disregarded. The validity of a judgment is not conditioned upon the choice of the most felicitous mode of expression. In *Waldon* v. *United States,* 84 F. Supp. 449, Judge Lindley characterized as "wholly without merit" the contention that ambiguity resulted "because the expression 'consecutively with each other' was used instead of the more commonly used expression 'consecutive to.'" Both the original judgment and the corrected judgment fully identify the sentence which is to be served first, the court which imposed it and the crime for which it was imposed. The statement in *People* v. *Hardgrave,* 406 Ill. 211, "'Consecutively with' is indefinite and ambiguous and means nothing, certainly when the cause, or the crime, or the court * * * is not described," is therefore not in point. To the extent

that the *Hardgrave case* may suggest that the phrase "consecutively with" creates serious ambiguity, it is not adhered to.

Finally, defendant argues that consecutive sentences which are subject to parole can never be validly imposed, because the precise date of termination of the first sentence cannot be ascertained in advance. This contention is likewise unsound. As said in *People* v. *Dennison,* 399 Ill. 484, the requirement of certainty "does not mean that the judgment should fix the day on which the successive term of imprisonment is to begin. (*People* v. *Loftus,* 395 Ill. 479; *People* v. *Decker,* 347 Ill. 258.) To specify the day would be of no advantage and would obviously cause confusion in the event of a *supersedeas,* executive clemency or other subsequent event affecting the previous sentence."

The general principles applicable to the imposition of consecutive sentences have often been stated. Two or more sentences to the same place of confinement run concurrently, in the absence of specific provisions to the contrary appearing in the judgment order. (*People ex rel. Clancy* v. *Graydon,* 329 Ill. 398.) A judgment entered in a case of cumulative punishment must be of such certainty that the commencement of the second and the termination of the first sentence may be ascertained from the record. This does not mean, however, that the judgment should fix the day on which the successive term of imprisonment is to begin. (*People* v. *Dennison,* 399 Ill. 484; *People* v. *Loftus,* 395 Ill. 479; *People* v. *Decker,* 347 Ill. 258.) Where a defendant is sentenced upon different indictments or different counts of the same indictment, the correct method of entering judgment is not for the total time in gross but for a specified time under each count, the time under the second to commence when the first ends, and so on to the last. (*People* v. *Elliott,* 272 Ill. 592; *Fletcher* v. *People,* 81 Ill. 116; *Stack* v. *People,* 80 Ill. 32; *Mullinix* v. *People,* 76 Ill. 211.) Where a judgment order fails to clearly

define the limits of sentences intended to run consecutively, the cause should be remanded for the imposition of a proper sentence. *People* v. *Welch,* 331 Ill. 20.

The original judgment order in the present case was attacked as ambiguous in that it prescribed two inconsistent times for the commencement of the sentence: first, from and after the delivery of the body of the prisoner to the Department of Public Welfare, and, second, at the expiration of the sentence of imprisonment which had been previously imposed and which was fully identified in the judgment order. As we have indicated, the error here alleged is predicated upon our decision in the recent case of *People* v. *Nicholson,* 404 Ill. 122. It had been the settled rule in this State, however, prior to the decision in the *Nicholson case,* that the specific time fixed for the commencement of a sentence was to be regarded as surplusage and as no part of the judgment. (*People ex rel. Crews* v. *Toman,* 367 Ill. 163.) There, an order of commitment for contempt of the probate court of Cook County directed the sheriff to take the contemnors into custody and to commit them to the county jail "there to remain for the period of one year from the seventh day of March, A.D. 1935." The contemnors were released on *supersedeas* bonds while the judgment in question was being reviewed in the Appellate Court. Before the order of the Appellate Court was entered, the time fixed by the original order for the completion of the sentences had expired. After examining the authorities here and elsewhere, this court held that the time fixed for the execution of a sentence was generally considered to be no part of the judgment and should be disregarded as surplusage. The court said, "The direction as to the time of carrying the sentence into effect is in the nature of an award of execution, so that, where the penalty is imprisonment, the sentence may be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or some legal authority."

The portion of the judgment order in this case directing the Department of Public Welfare "to take the body of said defendant, Sterling Ferguson, and confine him in said Penitentiary according to law, from and after the delivery thereof until discharged according to law  *  *  *" is a direction for the immediate disposition of the defendant. If it is to be considered as fixing the exact time of the beginning of sentence, it becomes the precise equivalent of an order fixing a definite date for the beginning of imprisonment and should be treated as surplusage. Quite apart from any problem in connection with consecutive sentences, the presence of such a clause in a judgment imposing sentence for a specified number of years should not be held to fix irrevocably the date of the commencement of sentence. Such a holding would give rise to the problem presented in *People* v. *Toman,* 367 Ill. 163, if the defendant should be released from imprisonment upon *supersedeas* during a portion of that period. In a case involving consecutive sentences the language in question directing that the body of the prisoner be turned over to the appropriate authority is even more clearly surplusage because the prisoner has already been placed in custody by the sentence previously imposed.

All sentences of imprisonment should be definite and certain. The requirement of certainty is met, however, when the intention of the judge who imposed the sentence is ascertainable. In construing a sentence, the language of the sentence should receive its ordinary legal meaning so that the intention of the judge who imposed it may be given effect. (15 Am. Jur., Criminal Law, sec. 465.) In *United States* v. *Daugherty,* 269 U.S. 360, the indictment consisted of three counts charging the defendant with violating the Harrison Anti-Narcotic Act. Defendant pleaded guilty and the following judgment was entered: "It is by the court considered and adjudged that said defendant is guilty of the crime aforesaid, and that as punishment

therefor said defendant be confined in the United States Penitentiary situated at Leavenworth, Kansas, for the term of five (5) years on each of said three counts and until he shall have been discharged from said Penitentiary by due course of law. Said term of imprisonment to run consecutively and not concurrently." In the Circuit Court of Appeals defendant contended that the district court erred and exceeded its jurisdiction in imposing a sentence of fifteen years upon defendant. The Circuit Court of Appeals affirmed the conviction on the merits but concluded that the sentence was for five years only. The United States Supreme Court held that the Circuit Court of Appeals erred in holding that the sentence was for only five years saying: "Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded. Tested by this standard the judgment here questioned was sufficient to impose total imprisonment for fifteen years made up of three five-year terms, one under the first count, one under the second and one under the third, to be served consecutively and to follow each other in the same sequence as the counts appeared in the indict-ment. This is the reasonable and natural implication from the whole entry. The words, 'said term of imprisonment to run consecutively and not concurrently,' are not consistent with a five-year sentence." The judgment of the Circuit Court of Appeals was reversed and the judgment of the district court affirmed.

In *People* v. *Nicholson*, 404 Ill. 122, it was held that a judgment like the one here involved was fatally ambiguous so that the sentences involved must be held to run concurrently. In reaching that conclusion, *People* v. *White*, 377 Ill. 251, *People* v. *Dennison*, 399 Ill. 484, and *People* v. *Welch*, 331 Ill. 20, were relied upon. *People* v. *White* was first reviewed in the Appellate Court, 307 Ill. App. 528.

The order there involved sentenced White to confinement for a term of one year "from and after the delivery of the body of said defendant to the superintendent of said house of correction. * * * It is ordered that the term of imprisonment now here imposed in this cause commence at the expiration of said one year [apparently referring to a sentence previously imposed upon the defendant in a companion case] $1.00 and costs imprisonment in said other case No. 1639853." The Appellate Court observed, "The order that defendant shall serve for one year after the delivery of his body to the superintendent of the house of correction is entirely inconsistent with the order that the term of imprisonment 'now here imposed' commence at the expiration of said one year, and the reference to 'said other case' make the last clause unintelligible." When *People* v. *White* came on to this court for a further review the only point considered with respect to the sentence was defendant's contention that the Appellate Court should have reversed the judgment without remandment instead of reversing it with remandment for the entry of a proper sentence. This court merely said that the record was free from error except in the form of the judgment, and that the Appellate Court properly remanded the cause for the entry of a correct judgment order. The correctness of the Appellate Court's disposition of the case was open only to the extent of considering the propriety of the order remanding the cause. Beyond that point, its ruling in favor of the defendant in a criminal case was not before this court.

In *People* v. *Dennison,* 399 Ill. 484, the judgment order sentencing the defendant to imprisonment in the penitentiary for a term of not less than one nor more than five years provided, "Said sentence to be separate and in addition and not concurrently with sentence under Indictment No. 45531." No record of the judgment or sentence under indictment No. 45531 was furnished but it apparently

referred to another case in which sentence was imposed upon defendant in the circuit court of La Salle County. Agreeing that the judgment was too indefinite, ambiguous and uncertain to impose a cumulative sentence and therefore should be reversed and the cause remanded with directions to enter a proper and definite sentence, this court said: *"The judgment * * * does not disclose whether the sentence which the judgment imposed was intended to follow or precede the other sentence."* (Italics ours.)

In *People* v. *Welch,* 331 Ill. 20, the defendant was charged in one count of an information with the sale of intoxicating liquor and in another count with its possession. The judgment order committed defendant to the State farm at Vandalia under the first count without fixing his term of imprisonment, and sentenced him to pay a fine and costs under the second count, with a provision for commitment until the fine and costs were paid. This factual situation is far different from the factual situations in *People* v. *Nicholson,* 404 Ill. 122, and in this case. In *People* v. *Welch,* referring to the two separate judgments under the two counts, the Supreme Court said, "There is nothing in the record by which it may be determined when the commitment under the first count expires. It necessarily follows that it is likewise impossible to determine either the commencement or termination of the sentence under the second count."

It thus appears that two of the decisions supporting the holding of the *Nicholson case* involved very different factual situations, and that in the third case (*People* v. *White*) the question here involved was not open for decision when the case reached this court. After thorough consideration we are of the opinion that the original judgment order in the case was not defectively ambiguous or uncertain, but that it adequately expressed the intention of the judge who tried the case to impose a sentence to be served consecutively to the sentence previously imposed in

another case which is identified with certainty. The holding to the contrary in *People* v. *Nicholson,* 404 Ill. 122, is overruled.

The judgment is not ambiguous or uncertain and it should be affirmed. *Judgment affirmed.*