(No. 33041.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* KEITH DUDEN, Plaintiff in Error.

*Opinion filed May 24, 1954.*

KEITH DUDEN, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and H. DAVID CONDRON, State's Attorney, of Quincy, (FRED G. LEACH, GEORGE W. SCHWANER, JR., and WILLIAM J. DIETERICH, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Keith Duden, plaintiff in error and hereinafter called defendant, along with one Donald Walton and Chris Allison, Jr., was indicted for the crime of setting at liberty a prisoner of the Adams County jail. After the return of the indictment the cause was placed on the docket of the circuit court of Adams County as cause No. 4968. On February 27, 1952, the defendant·was arraigned before

the circuit court where he pleaded guilty to the charge of the indictment. He was adjudged guilty of the charge and sentenced to the penitentiary for a term of not less than one year nor more than ten years. It is from this judgment on the indictment and sentence that the defendant now prosecutes this writ of error. Only the common-law record of this cause was filed before this court. Also the defendant caused to be filed in this court the common-law record of his conviction of the crime of burglary which was designated in the circuit court of Adams County as cause No. 4960.

The defendant sets forth the following assignments of error: (1) that the court erred in enforcing indictment No. 4968, being that in the present case; (2) that the court erred in entering judgment upon a plea of guilty to an indictment which was vague and indefinite and did not set forth sufficient information to fulfill the requirements of charging an offense; and (3) that the court erred in entering a vague, indefinite and uncertain sentence.

In support of his first assignment of error the defendant contends that the indictment in the instant case, No. 4968, was endorsed on back thereof as the crime of "Release of Prisoner" which is not a felony, and therefore that his plea of guilty thereto and the judgment and sentence thereon is of no effect. An examination of said indictment discloses that it was so endorsed or captioned. However, in order to determine whether there is any merit in the defendant's contention it is necessary to look beyond the endorsement on the back of the indictment into the body of the indictment. If a crime is charged therein, the defendant may be convicted of that crime, though that crime is not endorsed on that indictment. (*People* v. *Mulrenin,* 415 Ill. 123; *People* v. *Woodward,* 394 Ill. 433.) An examination of the body of the indictment discloses that the defendant along with Chris Allison, Jr., and Donald Walton were charged with the offense in the fol-

lowing manner: that they did "unlawfully and feloniously set at liberty a prisoner, one William Austin, a prisoner of the jail house of the County of Adams in the state of Illinois, the said William Austin having theretofore, on February 21, 1952, by verdict of a jury been found guilty of a crime, the punishment of which is imprisonment in the penitentiary and being the crime of rape, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same people of the State of Illinois."

It is provided in the Criminal Code (Ill. Rev. Stat. 1953, chap. 38, par. 224,) that "Whoever shall set at liberty or rescue, or attempt to set at liberty or rescue any prisoner found guilty or convicted of a crime, the punishment of which is imprisonment in the penitentiary, shall be imprisoned in the penitentiary not less than one nor more than ten years."

It is clear from an examination of the language in the body of the indictment and of that in the statute that the crime charged in the indictment and to which the defendant pleaded guilty, as shown by the common-law record submitted in this case, was a felony, and the court did not err in enforcing the indictment. The first contention of the defendant in his first assignment of error, therefore, is without merit.

The defendant further contends, however, that the indictment is vague and indefinite. Every indictment is deemed sufficiently technical and correct which states the offense in the terms and language of the statute creating the offense. (Ill. Rev. Stat. 1953, chap. 38, par. 716.) An indictment is also sufficient if the defendant is so notified of the charge as to be able to prepare his defense and the jury can understand the offense. *People* v. *Levin,* 412 Ill. 11.

An examination of the indictment in the present case does state the offense in the language of the statute and

embraces every element therein. The statute makes it necessary to charge that a prisoner was set at liberty or rescued or that an attempt was made to set at liberty or rescue any prisoner. Here, the charge in the indictment is that the defendant set at liberty a prisoner, thus using the very language of the statute. The statute also states that the prisoner set at liberty must have been found guilty or convicted of a crime the punishment of which is imprisonment in the penitentiary. The indictment charges that a prisoner, one William Austin, was set at liberty, and that said prisoner had been found guilty of the crime of rape, the punishment for which was imprisonment in the penitentiary. It is clear therefore that the indictment did clearly define the offense in the statutory language and is sufficient. (*People* v. *Donaldson,* 341 Ill. 369.) In addition there was no motion made to quash nor a motion in arrest of judgment. In such case an insufficiency of an information or indictment is waived, unless the said indictment fails to charge a crime. (*People ex rel. Courtney* v. *Prystalski,* 358 Ill. 198.) The indictment therefore is not subject to the charge of vagueness and indefiniteness in charging a statutory felony. It is to this charge that defendant pleaded guilty, and for which he could lawfully be adjudged guilty on his plea and sentenced.

By his third assignment of error the defendant contends that the trial court erred in entering a vague, indefinite and uncertain sentence. The record discloses that it was ordered by the court that the sentence on the charge in the instant case, being No. 4968 on the circuit court docket of Adams County, was to run consecutively with the sentence on the charge of burglary in case No. 4960.

The defendant has filed also in these proceedings the common-law record in the burglary case designated as No. 4960, and referred to in the order sentencing the defendant in this case. That discloses that just prior to the plea of guilty entered in the present case the defendant

had also pleaded guilty to the crime of burglary and was sentenced to not less than ten years and not more than twenty years. The defendant contends that the words used in the sentence in the instant case of "consecutively with" makes the sentence ambiguous. In support of this position the defendant cites the case of *People* v. *Hardgrave,* 406 Ill. 211. That case does support the conclusion of the defendant. However, this court at a later time, in the case of *People* v. *Ferguson,* 410 Ill. 87, held that the expression "consecutively with" was not ambiguous and expressly stated that the holding in the *Hardgrave case* was not adhered to. We agree with the later expression of this court and find no merit in the defendant's conclusion.

In addition to the foregoing, however, it is revealed by the record that on December 19, 1953, on motion of the People, and over defendant's objection, the sentence of this defendant was corrected *nunc pro tunc* February 29, 1952. A certificate of evidence filed by the court reporter contained transcribed statements of the court regarding the sentencing of defendant in this case wherein the court said: "Now, you have another charge here which I cannot ignore. I can't let this run concurrently. You and Mr. Allison and Donald Walton are charged in here with a jail delivery. That's an offense committed after the others. So I have to give you an extra sentence in regard to that. You will be sentenced to the penitentiary on that for some term not less than one year or more than ten years, and I'm fixing the minimum at five years and the maximum at ten years. That will not run concurrently with the others. It will follow consecutively." The docket kept by the presiding judge in the trial court in this cause contained a note made by the judge to the effect that: "February 29, 1952, defendants Allison and Duden each sentenced to the Illinois Penitentiary for a term of not less than one year nor more than 10 years minimum sentence fixed at 5 years. Defendant Walton sentenced to

the Illinois Penitentiary for a term of not less than one year nor more 10 years minimum sentence fixed at one year and maximum fixed at five years all of these sentences to run consecutively after the other sentences. Walton after sentence in case 4957 Duden after his sentence in 4960 Allison after his sentence in 4953." Defendant's sentence was thereupon corrected to read: "It is therefore, ordered and adjudged that the imprisonment of said defendant Keith Duden, under the sentence imposed against him in the pending case No. 4968 shall not commence until the expiration of the imprisonment under said sentence of said defendant for the crime of burglary." This correction makes it amply clear that the sentence in this cause is to be consecutive to and following the imprisonment of defendant for the crime of burglary. All indefiniteness and ambiguity is thus removed.

The record in a criminal case may be amended after the term at which it is made has elapsed, by an order entered *nunc pro tunc,* when by reason of clerical misprision it does not speak the truth. Such amendment cannot be made either from the memory of witnesses, from the recollection of the presiding judge, or by affidavit. (*People* v. *Okulczyk,* 410 Ill. 115.) There must be a memorial by which the court is able to determine that there was in fact a misprision or mistake of the clerk in the entry of the judgment. In order to constitute a memorial from which to amend the record, some note or memorandum of the records or the judge's minutes must be produced. (*People* v. *Walker,* 409 Ill. 232.) Upon the production of such a memorial an order may be entered *nunc pro tunc* to correct clerical errors in the sentence. (*People* v. *Puschman,* 409 Ill. 264.) Here, the additional transcript of the record filed by the court reporter, and the docket entries of the judge in this proceeding, constituted adequate memorials to indicate misprision or mistake by the clerk in the entry of this sentence, and the order

was properly corrected. Therefore it is clear that although this court held the expression "consecutively with" was not ambiguous or uncertain in the *Ferguson case,* the correction of the record removed any possibility of ambiguity and completely crushed the contention of the defendant. Inasmuch as the trial court had the right to correct the sentence in this manner, there is no merit to the contention of the defendant.

Defendant finally argues that the People, in the proceeding to correct the sentence, presented no matters of record which contradict the common-law record which were not available to the trial judge when he authenticated the common-law record as correct and stated therein that he did so upon checking his notes made at the time of the trial. For this reason, defendant urges that the common-law record was not thereafter subject to correction on the memorials presented, and that this court is bound by the common-law record as it existed and was presented to this court prior to the entry of the order correcting the clerical errors therein. Apart from the fact that the contention loses all vitality in view of our conclusion that the record as it existed prior to correction was sufficiently definite and certain to impose a consecutive sentence, this court has, upon numerous occasions and under similar circumstances, found that it is proper to consider such cases as they stand upon the corrected record. (*People* v. *Hirschberg,* 410 Ill. 165; *People* v. *Okulczyk,* 410 Ill. 115; *People* v. *Ferguson,* 410 Ill. 87; *People* v. *Hall,* 407 Ill. 137.) We find nothing in this case, or in defendant's arguments, which necessitates any deviation from the rule established by these cases.

The indictment and sentence thereon of this defendant are not in error as urged before this court. Consequently, the judgment of the circuit court of Adams County is hereby affirmed.

*Judgment affirmed.*