(No. 34718.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* OLIVER TOOMER, Plaintiff in Error.

*Opinion filed September 18, 1958.*

OLIVER TOOMER, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, WILLIAM H. SOUTH, FRANCIS X. RILEY, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Plaintiff in error, Oliver Toomer, hereinafter referred to as defendant, was indicted in the criminal court of Cook County in cause No. 48-859 for the crime of robbery. He entered a plea of not guilty and waived trial by jury. The issues were submitted to the court, which found him guilty and sentenced him to imprisonment in the penitentiary for a term of not less than ten years nor more than twenty. Appearing *pro se,* he has sued out this writ of error to review the judgment. The sole question is whether it properly provides for the sentence to run consecutively with that imposed in another robbery conviction of defendant on the same day. Defendant contends the sentence is so indefinite and uncertain that it should be considered as concurrent rather than consecutive.

The judgment order provides that defendant "be delivered to the Department of Public Safety and the said Department of Public Safety is hereby required and commanded to take the body of the said defendant Oliver Toomer and confine him in said penitentiary according to law, from and after delivery thereof until discharged according to law * * *. It is further ordered by the court that the said imprisonment shall begin at the expiration of the sentence of ten to twenty years of imprisonment of the said Oliver Toomer this day entered in cause No. 48-858 on the docket of this Court being the People of the State of Illinois v. Oliver Toomer in the cause for robbery as charged in the indictment at the present term of this Court and to be served cumulatively thereafter."

The order is attacked as being indefinite and uncertain as to the time when the sentence was to begin. It is argued that two different times are prescribed for commencement of the sentence: first, upon delivery of defendant's person to the warden of the penitentiary; and, second, upon expiration of the sentence previously imposed in cause No.

48-858; that it is impossible to commence a sentence at two different times; and that because of uncertainty the two sentences must be presumed to be concurrent.

A judgment in a criminal case must be clear and definite, so that its meaning may be found from the language used without resorting to judicial construction to ascertain its import. It is well established that two or more sentences to the same place of confinement run concurrently, in the absence of specific provisions to the contrary appearing in the judgment order, and that a sentence of imprisonment to take effect in the future as cumulative punishment upon the termination of another sentence must be of such certainty that the commencement of the second and the termination of the first sentence may be ascertained from the record. (*People* v. *Ferguson,* 410 Ill. 87; *People* v. *Dennison,* 399 Ill. 484.) Where a judgment order fails to define clearly the limits of sentences intended to run consecutively, or requires the aid of a court for its construction, the cause should be remanded for the imposition of a proper sentence. *People* v. *Dennison,* 399 Ill. 484; *People* v. *White,* 377 Ill. 251.

The requirement of certainty is satisfied, however, where the intention of the judge who imposed the sentence is fairly ascertainable. (*People* v. *Ferguson,* 410 Ill. 87.) It is clear from the present judgment order that the sentence was intended to begin upon expiration of the sentence in cause No. 48-858, the latter being plainly identified not only by number but by reference to the date, the court, the names of the parties and the nature of the offense. To sustain his charge of uncertainty defendant points to that portion of the order directing the Department of Public Safety "to take the body of the said defendant Oliver Toomer and confine him in said penitentiary according to law, from and after delivery thereof until discharged according to law." It is insisted that this language renders the sentence indefinite and uncertain as to the beginning of

sentence. The contention is fully answered by our decision in *People* v. *Ferguson*, 410 Ill. 87, wherein a substantially identical question was presented. We there held that the direction to take the body of defendant and confine him in the penitentiary from and after delivery thereof until discharged according to law is to be regarded as surplusage, insofar as the beginning of sentence is concerned, and that its presence does not render uncertain an otherwise expressed intention to require the sentence to be served consecutively. See, also, *People* v. *Vraniak*, 5 Ill.2d 384, 391.

As authority for his position defendant relies upon *People* v. *Nicholson*, 404 Ill. 122, and *People* v. *Camy*, 404 Ill. 391. The *Nicholson case* was expressly overruled by *Ferguson* decision; and the holding in the *Camy case*, to the extent that it is inconsistent herewith, is hereby overruled. The remaining cases cited by defendant are distinguished at length in the *Ferguson* opinion, and need not be reviewed again here.

We conclude that the judgment is not uncertain or indefinite, but adequately provides that the sentence imposed shall be served consecutively to the sentence previously imposed in the case therein identified. The judgment of the criminal court of Cook County is accordingly affirmed.

*Judgment affirmed.*