**People of the State of Illinois, Plaintiff-Defendant in Error, v. Perry Levol Cox, Alias Lee Cox, Defendant-Plaintiff in Error.**

Gen. No. 10,598.

Fourth District.

February 8, 1965.

Perry Levol Cox, pro se, of Menard, plaintiff in error.

Donald G. Adams, State's Attorney, of Quincy, for defendant in error.

JUDGE TRAPP.

The defendant, acting pro se, brings writ of error to review a sentence imposed in the Circuit Court of Adams County upon a plea of guilty to an indictment, in three Counts, charging burglary.

The defendant contends that the sentence imposed is ambiguous and is not definite and consistent and asks that the Clerk of the Circuit Court be required to correct the record so that the sentence of the Court be a minimum term of one year and a maximum term of four years.

The record shows that on the 18th day of June, 1962, the Court imposed a sentence in the following language:

> "The defendant is sentenced by the Court to the Illinois State Penitentiary for an indeterminate term of not less than one year. The Court fixes the sentence at a minimum of four years and the maximum at seven years."

The transcript of the proceedings on the date of sentence prepared by the Official Shorthand Reporter of the court is in the following language, ". . . you are hereby sentenced to the Illinois State Penitentiary,

subject to transfer provided by law, for an indeterminate sentence of not less than one year and the court fixes your minimum at four years and your maximum at seven years."

The Supreme Court of this State has held that where the judgment order of the trial court fails to clearly define the limits of a sentence, the cause should be remanded for proper sentence. People v. White, 377 Ill 251, 36 NE2d 341.

In determining whether such remandment is required in this case, we must apply the tests or standards heretofore established by the Supreme Court. It has been held that the requirement of certainty in the judgment is met when the intention of the judge who imposed the sentence is fairly ascertainable. People v. Ferguson, 410 Ill 87, at page 94, 101 NE 2d 522; People v. Toomer, 14 Ill2d 385, p 387, 152 NE2d 845.

The language of the judgment set out in the record, "The court fixes the sentence at a minimum of four years and the maximum at seven years", clearly discloses the intention of the trial judge and the meaning can be fairly ascertained from the language used.

The judgment of the Circuit Court of Adams County is affirmed.

Affirmed.

SMITH, P. J. and CRAVEN, J., concur.