(No. 34927.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RUDOLPH LOUIS KESSLER, Plaintiff in Error.

*Opinion filed January 23, 1959.*

RUDOLPH LOUIS KESSLER, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JAMES E. BALES, State's Attorney, of Dixon, (FRED G. LEACH, and WILLIAM H. SOUTH, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

On September 28, 1953, the defendant, Rudolph Louis Kessler, pleaded guilty to six indictments each charging him with different and distinct offenses for forgery and to one indictment charging him with assault with intent to commit murder. On his several pleas of guilty he was sentenced to serve consecutively, in the State penitentiary at Joliet, six terms each of not less than five nor more than six years for forgery and one term of not less than ten nor more than twelve years for the crime of assault with intent to murder. Defendant is presently serving these sentences. The record in these causes is here by writ of error sued out by defendant *pro se.* In his brief and argument defendant contends, as a matter of law, that the sentences imposed upon him should be held by us to operate as concurrent sentences and not as cumulative, because the sentences are uncertain, ambiguous and not clear; that they do not state when one term terminates and the other begins and because the sentences do not state the title of the cause, the name of the court and the nature of the case.

An examination of the record, however, not only fails to support these contentions but demonstrates the contrary to be the case. In each sentence the court referred to the defendant by name, designed the Illinois State Penitentiary at Joliet, Illinois, as the place of confinement, gave the title of the case, name of the court, the nature of the offense, and fixed the minimum and maximum number of years of each term to be served. In each judgment, the court stated specifically that the sentence commence at the expiration of the sentence in the previous case, designating each case by its number. With these elements being present, it cannot be said that the sentences were to be served concurrently. On the contrary these are the elements which distinguish a consecutive sentence from a concurrent one.

The sentences in question are not so ambiguous and uncertain that they would require the aid of a court to construe them, nor would those required to execute them be unable to tell from the wording when one begins and the other ends. It is clear from the record that the trial judge intended the sentences to be served consecutively. *People v. Ferguson,* 410 Ill. 87.

The cases relied upon by defendant are not applicable to the record in the instant case. None of them supports the contention that the sentences here are to be served concurrently and not consecutively. *People v. Toomer,* 14 Ill.2d 385.

It clearly appears from the record that the sentences in the case at bar are to be served consecutively, and for that reason the judgments entered by the circuit court of Lee County should be and hereby are affirmed.

*Judgments affirmed.*